THE MEXICAN NATIONAL RAILWAY COMPANY v. CHARLES CRUM.

No. 317.

1. **Actionable Negligence Defined.**—Negligence constituting a cause of action, is such an omission by a responsible person to use that degree of care, diligence, and skill which it was his legal duty to use for the protection of another person from injury, as in a natural and continuous sequence causes unintended damage to the latter.

2. **Same—Essential Element in.**—An essential element in negligence is a duty. If there is no duty there can be no negligence, and to recover in an action for negligence plaintiff must allege and prove facts sufficient to show what the duty is, and that the defendant owed it to him.

**3. Same — Duty of Railway as to.** — The duty upon the part of a railway company, the nonperformance of which is the essential element of its negligence, is dependent upon the relation between the individual injured and the company, and may be affected by the mental or physical incapacity of the individual, and in some cases by the circumstances under which the injury was inflicted.

**4. Pleadings and Proof to Sustain Damages.**—Where an action for damages is brought for alleged physical injuries to a child of tender years, while standing in the door of a freight car belonging to appellant, the defendant company, and the pleadings of plaintiff allege that the child was standing there "*by the invitation of and with the consent and knowledge of the appellant's servants*" at the time of his alleged injury, *Held,* that to make appellant liable to him for its nonperformance of any duty, it must have been within the scope of the authority of appellant's servants who gave such invitation or consent, if given, to have done so.

**5. Degree of Care, Measure of.** — Where a child of tender years is injured while standing in the door of a freight car belonging to appellant, the defendant company, the degree of care to be exercised by said company depends upon the circumstances under which the child came there, to-wit:

1. If he was in the car at the invitation, either express or implied, of the servants of the appellant, it was the duty of appellant and its servants to exercise ordinary care towards the child to prevent him from being injured, and to abstain from doing any act which would reasonably result in his injury, taking into consideration his tender years.

2. If he was there merely with the consent and knowledge of appellant's servants in control of the cars, and engaged in transferring freight, a different rule for measuring the company's duty would obtain. Mere permission or acquiescence of appellant or its servants in his being in the car would create no duty on the part of the appellant except to refrain from acts willfully and knowingly injurious to him.

3. If he was not upon the car at the invitation of the company, or by its permission, he was an intruder, and in that event he was not entitled to recover except for injuries knowingly and willfully inflicted.

**6. Same — A Question for the Jury.** — It is for the jury to determine from the evidence under an appropriate charge, where a child of tender years is injured while in a freight car of the defendant company (appellant), whether he was rightfully on the cars, as alleged, or was there merely as a trespasser.

APPEAL from Webb.   Tried below before Hon. A. L. McLANE.

*Nicholson, Dodd & Mullaly* and *Denman & Franklin*, for appellant. The court erred in the various charges given. Railway v. Scott, 64 Texas, 549; Love v. Wyatt, 19 Texas, 312; Dodds v. Arnold, 28 Texas, 97; Loving v. Dixon, 56 Texas, 76; Railway v. Phillips, 63 Texas, 593; Cool. on Torts, 660; 80 Texas, 572; Dwyer v. Bassett, 63 Texas, 274.

*C. C. Pierce,* for appellee.—The court below committed no error in its charge to the jury. Railway v. Randall, 50 Texas, 254; Railway v. Hewett, 67 Texas, 479; Railway v. Fairborn, 4 S. W. Rep., 50; Mayer v. Walker, 82 Texas, 222; Railway v. Boozer, 70 Texas, 530; Cook v. Navigation Co., 76 Texas, 353.

NEILL, Associate Justice.—The appellee, Charles Crum, a minor, by his next friend, Elena Garza, sued the appellant for $30,000 damages for personal injuries alleged to have been inflicted upon him by the negligence of appellant.

The plaintiff alleges in his petition as his cause of action, " That amongst other railways entering and doing business with defendant in the city of Laredo, where plaintiff was injured, was the International & Great Northern Railway Company, whose track was a broad gauge, whilst the track of defendant was a narrow gauge, and owing to the difference in the gauges of the said two tracks, when freight was brought by either of said companies intended to be delivered to the other, the same was transferred from the cars of one to the cars of the other by running the broad gauge car on a side track of defendant, and opposite to one of defendant's cars on its track. That a platform or gangplank was then extended from one car to the other, and the freight transferred over said gangplank from one of said cars to the other. That said side tracks were located in a populous portion of the city of Laredo, and entered over and across several streets thereof. That said side tracks were also used by defendant in placing loaded cars thereon, and permitting them to be unloaded by its customers. That when parties are thus engaged in transferring, exchanging, or receiving freight on said sidings from or into the cars of defendant, and especially when platforms or gangplanks are being used as aforesaid, and persons are passing to and fro between said cars, or otherwise engaged in or about said cars or thereabouts, the management, movement, and handling of defendant's engine and cars upon said sidings is hazardous and dangerous to persons so engaged as aforesaid, and by reason thereof it was the duty of defendant to exercise due caution and care in the management, movement, and handling of its cars and engines on said sidings, and to give due notice and warning in some reasonable manner to persons thus engaged in and about said cars, or that might be there by invitation, consent, or license of defendant, of any contemplated movement or handling of said cars and engines, so that no injury might occur to them, and so that they could place themselves in positions of safety.

" That plaintiff was a male minor of tender years, to-wit, about 7 years. That on the 27th day of January, 1893, defendant had some six or seven cars placed on the siding aforesaid, for the purpose of transferring, exchanging, and delivering freight into and from the cars of the International & Great Northern Railway Company, and a large number of defendant's servants and employes, and other persons who were there by the consent and invitation of defendant, were employed in and about said cars thereat. That said cars of defendant were not coupled together, but located at different points on said siding, from three to six feet apart.

" That plaintiff was on said date, by the invitation of and with the consent and knowledge of defendant's servants and employes, and of the

other persons who were there by consent and invitation of defendant as aforesaid, standing in the door of a broad gauge car, which was connected to a car of defendant by a platform or gangplank as aforesaid, and standing within a few yards of a street, and in which a large number of defendant's employes and servants and other persons there by invitation and consent of defendant, were transferring corn into said narrow gauge car of defendant, and otherwise engaged.

"That defendant carelessly and negligently, and without the exercise of due care and caution, and without warning or notice of any kind, caused its cars to be moved upon said sidings with great force and violence against a car which was connected by a platform to the car on which plaintiff was standing. That the force of said blow moved defendant's said car, carried with it the platform or gangplank with such rapidity and violence that plaintiff's feet were caught between the side of the door and said gangplank and crushed. That the injury to plaintiff could have been prevented by defendant by the exercise of care and caution, and that its failure to exercise such care and caution and to give notice and warning to plaintiff of the intended movement of its cars, as it was its duty to have done, was negligence on its part, which was the proximate cause of the injuries received by plaintiff."

The answer of defendant consisted of a general denial, and a special allegation, that if plaintiff was injured that his injuries were not caused by any fault of defendant, its agents or servants.

All the assignments of error necessary to consider in disposing of the the case relate to the charge of the court, and its refusal to give certain special charges asked by the defendant. After stating the issues raised by the pleadings, the charge is:

"Negligence, in its legal sense, means the failure to use ordinary care in performing a duty, which failure is the proximate cause of injury to a person to whom the duty was due. Negligence, to some extent, should be measured by the character, risk, and exposure incident to the business under consideration, and the degree of care is higher when the lives and limbs of persons are endangered than in ordinary cases.

"Whether or not the defendant in this case was negligent, it is your duty to determine from all the evidence; and in this connection you should consider the testimony, if any, in regard to the duty of the men employed by the defendant in moving its cars; the precautions they should take to avoid injury to persons engaged in transferring freight from broad gauge to narrow gauge cars under the circumstances of this case.

"And if you believe from the evidence, that the defendant had laborers engaged in transferring freight from a broad gauge car to its own cars over a gangway which connected said cars together, and that it was

dangerous to the lives and limbs of said laborers for the defendant's switch engine to move said cars without first warning said laborers of the approach of the engine, and causing said gangway to be removed; and you further believe that the servants of defendant in charge of its switch engine approached the cars while being so loaded, and moved them with said engine, without giving warning or notice to the laborers engaged in transferring freight, and that by reason thereof the feet of the plaintiff were caught by said gangway, and that he was injured as alleged, without any fault on his part, then you should find for plaintiff.

" But if you believe that the plaintiff had been cautioned by the servants of the defendant that it was dangerous to be at or near the cars, and had been warned to keep away from them; and you further believe that the plaintiff had sufficient discretion and intelligence to understand such caution and warning, and that he was there against the will and consent of the defendant, then the plaintiff can not recover, although he may have gone into the car at the request of the witness Leonardo Lopez, who was not a servant of the defendant, and even though you may believe defendant's servants may have been negligent in not giving warning to the laborers of the approach of the engine.

" If you believe that the plaintiff is entitled to recover under this charge, then you may allow him such a sum in money as you may believe will reasonably compensate him for any bodily or mental pain he may have suffered or may continue to suffer by reason of said injuries."

At the instance of defendant, the following special charges were given:

" 1. The burden of proof is on the plaintiff to show by a preponderance of the evidence that he was injured, and that such injuries were caused by the negligence of the defendant company.

" 2. The jury are instructed, that in the event they believe from the evidence and from the general appearance and manner of plaintiff, that he knew it was wrong for him to go on, under, or about defendant's cars, and that he had been warned and driven away from said cars only a short time previous to his injury, and that notwithstanding said warning he went upon one of the cars by direction or invitation of some person other than an employe of defendant, and that he was not discovered by the employes of defendant until it was too late to extricate him from his perilous position, then you will find for defendant, notwithstanding the train crew, in striking and moving the car which was connected by platform with the one plaintiff was in, may have violated a duty defendant owed to the men engaged in transferring corn from the car where plaintiff was hurt to one of defendant's cars.

" 3. If you believe from the evidence that defendant's employes struck one of its cars on a track, and thus moved a platform extending from said car to a car in which plaintiff was standing, and that said car was struck by said employes without any warning to the persons therein or persons in

the car in which plaintiff was standing, and the striking of said car was un-der all circumstances negligence on the part of the employes so doing, and that plaintiff was injured thereby, nevertheless you will find for defendant if you believe from the evidence that plaintiff was in a dangerous position at the time, and knew it was a dangerous one, and understood the nature, character, and extent of the danger, and was possessed of sufficient dis-cretion to have avoided such danger, and had voluntarily put himself in such a dangerous position, and would not have been injured if he had not been in such position.''

The second paragraph as above copied is complained of by the appel-lant, because, first, it directs the jury to consider testimony bearing upon particular facts, makes such testimony unduly prominent, and thereby in-vades the province of the jury to disregard testimony if they did not believe it true, and is on the weight of evidence; second, it measures the duty of defendant to plaintiff by its duty to others, occupying a different and distinct relation to defendant than that occupied by plaintiff, and re-quired and authorized the jury to consider the question of negligence of defendant to plaintiff, not in the light of any duty the former owed the latter, but solely in the light of a duty owed others occupying the rela-tion of servants of defendant; and, third, because defendant owed plaintiff no duty, provided the jury believed plaintiff a trespasser.

And it is urged that the court erred in the third paragraph of its charge, ''in this: 1. It directs the jury, that if it finds certain facts to find for the plaintiff, instead of leaving it for the jury to decide whether, under all the circumstances of the case, the acts of the defendant complained of amounted to negligence, and that as a result of such negligence plaintiff was injured, and therefore invades the province of the jury. 2. It di-rects the jury to measure the liability of defendant to plaintiff by the duty it may have owed to its employes, instead of informing the jury in plain, distinct, and unequivocal language that plaintiff's right to recover rested wholly upon the failure of defendant to discharge some duty it owed to plaintiff; it authorized the jury to find for plaintiff, although the employes of defendant may not have known the presence of plaintiff, nor been able to discover said presence by the exercise of ordinary care. 3. It assumes that plaintiff when injured occupied the same relation toward defendant as the laborers engaged in transferring freight from the car in which plaintiff was standing when injured, and that defendant owed him duties and obligations, whereas in law the defendant owed him no duty other than such as it owed the public.''

Negligence, constituting a cause of action, is such an omission by a responsible person to use that degree of care, diligence, and skill which it was his legal duty to use for the protection of another person from injury, as in a natural and continuous sequence causes unintended dam-age to the latter.    Shearm. & Redf. on Neg., sec. 3.

An essential element of negligence is a duty.    If there is no duty there can be no negligence.    Carpenter v. Cohoes, 81 N. Y., 21; Tourtillot v. Roesbrook, 11 Metc., 460.

To recover in an action for negligence the plaintiff must allege and prove facts sufficient to show what the duty is, and that the defendant owed it to him.    Shearm. & Redf. on Neg., sec. 8; Sweeney v. Railway, 92 Mass., 372.

It is not sufficient to show that a defendant owed a duty which it failed to discharge to some one or class of persons other than the plaintiff.  But it must be proved that there existed a duty *to the plaintiff* which the defendant failed to discharge; and that his failure to discharge the duty was the proximate cause of the damage to plaintiff.    The duty upon the part of a railway, the nonperformance of which is the essential element of its negligence, is dependent upon the relation between the individual injured and the railway, and may be affected by the mental or physical incapacity of the individual, and in some cases by the circumstances under which the injury was inflicted.    Thus a railway does not owe a like duty to its passengers, to its servants, to persons who come upon its premises as mere licensees, and to persons who trespass upon its premises; nor does the railway in all cases owe a like duty to adults and to infants.    Ry. Acc. Law, 2.

What duty, if any, is alleged by the appellee to have been due him from the appellant? did the duty, as alleged, exist? and if so, did the appellant fail to perform it? are the questions to be considered and determined from the pleadings and evidence in this case.    Their consideration involves the correctness of the charge complained of.    And they must be determined from the relation that existed between the parties at the time of the alleged injury, and all the facts and circumstances attending the transaction.

The appellee alleged, that he was by the invitation of and with the consent and knowledge of appellant's servants, and other persons who were there by consent and invitation of appellant, standing in the door of a car of the International & Great Northern Railway Company, which was connected to one of appellant's cars by a gangplank, into which appellant's servants and other persons were transferring corn from appellant's car so connected with it.  " That it was the duty of appellant to exercise due care in the management and movement of its cars, and give due notice and warning in some reasonable manner to persons engaged in and about said cars, or that might be there by invitation, consent, or license of defendant, of any contemplated movement of handling of said cars or engines, so that no injury might occur to them, so that they could place themselves in positions of safety; and that appellant carelessly and negligently, and without the exercise of due care and caution, and without warning or notice of any kind, caused its cars to be moved with great

force and violence against a car which was connected by a gangplank with the car on which appellee was standing, and that the force of the impact moved appellant's car, carrying with it the gangplank with such violence that appellee's feet were caught and crushed between the door of the car and gangplank."

If, then, from the appellee's pleadings, the appellant owed him any duty, it must have been from the fact that he was "by the invitation of and with the consent and knowledge of appellant's servants, standing in the door of the broad gauge car" at the time of his alleged injury. And to create such duty, and make the appellant liable to him for its non-performance, it must, in our opinion, have been within the scope of the authority of appellant's servants who gave such invitation or consent, if given, to have done so.

If the appellee was on the car and in the position alleged, at the invitation, either express or implied, of the servants of the appellant, it was the duty of appellant and its servants to exercise ordinary care toward the appellee to prevent his being injured, and to abstain from doing any act which would reasonably result in his injury, taking into consideration his tender years.

If he was there merely with the consent and knowledge of appellant's servants in control of the cars and engaged in transferring freight, a different rule for measuring appellant's duty to him would obtain. Mere permission or acquiescence of the appellant or its servants in his being on the car would create no duty on the part of appellant, except to refrain from acts willfully or knowingly injurious to him (1 Thompson on Negligence, 303); and to impose this duty, we think that it would be necessary for the servants doing the act from which it is claimed the injury resulted to know or have reasonably anticipated that appellee was in a position from which the injury caused by the act might flow as a natural consequence.

If the appellee was not upon the car at the invitation of appellant, or by its permission, he was an intruder, and in that event he was not entitled to recover except for injury knowingly or willfully inflicted; for his action was founded upon his right to be on the car, and not upon appellant's servants negligently permitting him to enter a place of danger, as in the case of Cook v. Houston Direct Navigation Company, 76 Texas, 353, cited by his counsel. And it was for the jury to determine from the evidence, under an appropriate charge, whether he was rightfully on the cars as alleged, or was there merely as a trespasser.

There is nothing in the evidence to warrant the inference of an implied invitation on the part of the railway to a boy of 7 years old to go on its car, where its employes were busily engaged in handling freight, where he would be in the way and liable to get hurt. It was a place where boys of his age could, as a general thing, have no business, and there can be no implication that they were invited there. Nor do we think that the evi-

dence is sufficient to show that the appellee was on the car where he was hurt at the express invitation of any one shown to have authority to invite him there. If, however, there was any evidence of an implied or express invitation to appellee from the company or its authorized agents to go on the car, it should have been submitted to the jury, and if it found he was there by such invitation, the court should have instructed the jury as to appellant's duty to him, and as to the measure of its liability to him if it failed to perform it. If he was there by mere permission, the jury should have been informed of the appellant's duty to him in that event, and the extent of its liability if it failed to discharge such duty, and appellee was injured in consequence of such failure. If the appellee was there as an intruder, the jury should have been informed that under his pleadings he was not entitled to recover.

If, therefore, we are correct in our view of the law applicable to the pleadings and facts in this case, it follows that the objections urged by appellant to the charge of the court are well taken.

It is clear that the errors in the charge are not cured by the special charges given at appellant's request, and that the errors complained of are of such a character as require a reversal of the judgment of the District Court.

*Reversed and remanded.*

Delivered March 12, 1894.