Houston & Texas Central Railroad Company v. A. Sgalinski.

Delivered May 14, 1898.

**1.  Negligence—Ordinary Care.**

Ordinary care is such care as a person of ordinary prudence would exercise under similar circumstances.

**2.  Same—Incorrect Definition.**

Instruction which defines negligence or contributory negligence as a failure to exercise "reasonable ordinary care" is erroneous, as the test is the failure to exercise "ordinary care."

**3.  Railway Company—Duty Towards Licensee.**

A railroad company owes no duty to a mere licensee to use ordinary care in the construction of its roadbed, or to keep a bridge lighted, but its only duty towards him is to exercise ordinary care and caution in the operation of its engines and cars to discover him and warn him of his danger.

**4.  Same—Overhead Crossing—No Signals.**

An overhead railroad crossing is not a public crossing requiring of a railroad company a compliance with the requirements of the statute as to ringing the bell or sounding the whistle on the approach of an engine.

Appeal from Ellis.   Tried below before Hon. J. E. Dillard.

*Frost, Neblett & Blanding,* for appellant.

*P. H. Rowell,* for appellees.

BOOKHOUT, Associate Justice.—This suit was instituted September 24, 1894, by appellee A. Sgalinski in the District Court of Ellis County, Texas, against the Houston & Texas Central Railroad Company to recover damages for personal injuries sustained by plaintiff through the alleged negligence of the defendant railroad company.   Defendant pleaded a general denial.

There was a trial of the cause, which resulted in a verdict by a jury in favor of plaintiff; and upon defendant's motion for new trial being overruled it excepted, and has duly prosecuted its appeal to this court.

Appellant's first and second assignments of error complain of the charge of the court wherein it defines the terms "ordinary care," "negligence," and "contributory negligence," in that the definitions given to these terms were incorrect and unintelligible. The court instructed the jury as follows:

"5. Reasonable ordinary care, as used in the foregoing instructions, means such reasonable ordinary care as a person of ordinary care and prudence would have exercised under similar circumstances to have prevented the injury.

"Negligence is the failure of a person or corporation to exercise reasonable ordinary care to prevent injury to another or to himself.

"6. Contributory negligence is the failure of the person injured to exercise reasonable ordinary care to prevent injury to his own person, and which want of reasonable ordinary care contributes directly and proximately to the injury complained of."

We will treat of these definitions separately. There is no such degree of care as "reasonable ordinary care" recognized in the law books. This charge is erroneous. Ordinary care is such care as a person of ordinary prudence would exercise under similar circumstances. Railway v. Finley, 79 Texas, 86; Railway v. Gorman, 2 Texas Civ. App., 146.

The definition of negligence is faulty, in that it is defined as a "failure * * * to exercise reasonable ordinary care;" when the test is, the failure to "exercise ordinary care."

The definition of contributory negligence as defined by the trial judge in the charge is erroneous.

Appellant's third assignment of error complains of the following charge: "It is the duty of a railway company, where its depot is situated upon a dump or embankment, to exercise reasonable ordinary care to prevent persons from being injured, who come to such depot for any lawful purpose connected with the business of such railway company, by falling off said embankment or from going off the same at some dangerous place where they might receive injury."

The defendant's depot and yard are located upon a dump or embankment about five feet above the natural level of the ground. The depot is on the east side of said yard and embankment. The yard is about 250 yards long and about 150 yards wide. About 150 feet north of the depot the fill and embankment narrows down to about twenty-five feet, and terminates at a bridge about twelve or fourteen feet high, said bridge passing over a public street. There are two tracks over this bridge. The defendant's roundhouse is about a quarter of a mile north of its depot. The tracks are about six feet apart, and from the outside of the track to the edge of the bridge is about three feet. The bridge is floored, and at the time of the accident it was not lighted or provided with a handrail.

About 11 o'clock at night the plaintiff (according to his testimony) and two companions went to the depot to find out when the first train would go out on defendant's road to Dallas. There was no one at the depot. After talking a short time, plaintiff's companions directed him

to go on and along the railroad track in the direction of defendant's roundhouse, where he could find a cheap lodging-house. They told him the railroad track was universally traveled by the public as a passway in going in that direction. Plaintiff took leave of his companions and started off north toward the roundhouse. Just before he started he noticed and heard a switch engine on defendant's road, which he thought had apparently stopped just south of the depot. He paid no attention to the engine, but proceeded on along up defendant's right of way, where he was suddenly startled by hearing an engine approaching him from the rear. He turned to see where it was and noticed it was coming toward him at a rapid rate of speed and only about fifteen or twenty feet away, when he stepped to one side, as he thought, on the slope of defendant's right of way, to avoid the engine and let it pass. Instead of being upon the embankment, he was upon the bridge, and in stepping aside he stepped off the bridge, falling about fourteen feet to the ground below, and received the injuries complained of.

The charge complained of makes it the duty of a railroad company to use ordinary care in the construction of its roadbed to prevent injury to a person who is upon its right of way as a licensee. This is not correct. The railroad company did not owe any such duty to a licensee upon its right of way in the construction or maintenance of its road. Thomp. on Neg., p. 453. There was no contractual relation between plaintiff and the railroad company. It does not appear that the plaintiff was at the depot or depot yard when he received the injury. The duty which defendant owed plaintiff at the time he was injured, he being a licensee upon the track, was to use ordinary care and caution in the operation of its engine and cars to discover plaintiff and to warn him of his danger. Railway v. Watkins, 88 Texas, 24; Railway v. Smith, 87 Texas, 348.

The defendant requested a special charge substantially in the line of this opinion, which the court refused, and such refusal is made the ground of appellant's thirteenth assignment of error. The substance of such requested charge should have been given.

Appellant's fourth assignment of error complains of the eighth paragraph of the court's charge, which reads:

"It is also the duty of railway companies, their agents, servants, or employes, while engaged in running and operating their trains, when approaching a public crossing or place upon their roads where the general public have been permitted to travel, to keep a reasonable lookout and exercise reasonable ordinary care to prevent injury to persons who may be traveling over their tracks at such places."

This charge is misleading and not applicable to the facts. The charge instructs the jury as to the duty of the defendant in approaching a public crossing. The evidence does not warrant such a charge. There is evidence that a public street ran under the railroad. It has been held that this is not a public crossing requiring of the railroad company a compliance with the statutory requirements to ring the bell or sound the whistle. Railway v. Thomas, 87 Texas, 285.

Appellant's sixth assignment of error complains of the tenth paragraph of the court's charge.

The last part of this clause of the charge is objectionable, in that a certain group of facts is set out in the charge, which, though the jury might find to exist, they are not told what result would follow such finding.

Objection is made to the eleventh paragraph of the court's charge, that it assumes that it was the duty of the defendant to keep the bridge lighted.

Defendant was under no obligation to keep the bridge lighted. The only duty that the defendant owed the plaintiff was, as before stated, to use ordinary care and caution in the operation of its engine and cars, etc.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*