SIMON DE LA PENA, JR., v. INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY.

Decided April 15, 1903.

**1.—Railroads—Licensee Using Path on Right of Way.**

Where plaintiff, for the purpose of going round defendant's cars, which obstructed certain street crossings, followed a path which ran along the right of way and was generally used by the public with defendant's knowledge and acquiescense, and broke his leg by stepping into a hole or open drain overgrown with weeds, he was not entitled to recover for the injury, since he was a mere licensee to whom defendant owed no duty to keep the path in a safe condition. Following Railway v. Montgomery, 31 Texas Civ. App., 491.

32 Civil—16.

**2.—Same—Proximate Cause.**
     The obstruction of the crossings by the cars was not the proximate cause of plaintiff's injury.

Error from the District Court of Bexar. Tried below before Hon. S. J. Brooks.

*James Routledge,* for plaintiff in error.

*Hicks & Hicks,* for defendant in error.

NEILL, ASSOCIATE JUSTICE.—The plaintiff, Simon de la Pena, Jr., sued the defendant, International & Great Northern Railroad Company, to recover the sum of $40,000, damages for personal injuries alleged to have .been inflicted by the latter's negligence.

The substance of the allegations in plaintiff's petition is that the defendant had for years continuously and habitually obstructed the crossings of San Luis and Durango streets in the city of San Antonio by leaving cars and trains standing thereon; that such obstructions were maintained by defendant in violation of certain ordinances of the city, the substance of which is averred; that at night, on October 20, 1901, plaintiff, being desirous to cross defendant's track at Durango Street and finding the crossing, blockaded with cars and then going to San Luis Street and finding the crossing there likewise obstructed, took a path running along defendant's right of way, which was generally used by the public with the knowledge and acquiescence of the railroad company, for the purpose of going around the cars, and while walking along the path he stepped into a hole or open drain and broke his leg. It was alleged that the defendant was guilty of negligence in obstructing said street crossings and in permitting the hole or open drain upon its right of way and in allowing the drainway to become overgrown with grass and weeds and to be in a bad state of repair.

Upon the trial, the plaintiff having proved the obstruction of the crossings as alleged, and that he broke his leg by stepping in an open drain overgrown with weeds and grass on defendant's right of way, the court peremptorily instructed a verdict for the defendant. And upon a verdict returned in obedience to the instruction, the judgment appealed from was rendered.

No duty rested on the defendant to maintain the path along its right of way in a safe condition. San Antonio & A. P. Ry. Co. v. Montgomery, 31 Texas Civ. App., 491, 72 S. W. Rep., 617. As is said in the case cited: "Mere user by the public without objection of the owner is not sufficient to authorize the inference of an invitation. In such case the user of the path is a licensee who must accept the premises as he finds them."

The obstruction of the crossings was not that which, in a natural and continuous sequence, unbroken by any new, independent cause, pro-

duced the accident which resulted in plaintiff's injury; and hence, not its proximate cause. Texas & P. Ry. Co. v. Bigham, 90 Texas, 223.

The court did not err in instructing the verdict for the defendant, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.