S. A. Lovett v. Gulf, Colorado & Santa Fe
Railway Company.

No. 1282. Decided March 24, 1904.

1.—Railway—Duty to One Riding by Permission.

A railway company owed to the employe of an independent contractor permitted to ride on its gravel train between his home and a gravel pit where he labored only the duty of ordinary care against injury. (P. 440.)

2.—Same—Negligence—Jerking Train.

The jerking a gravel train in its operation so as to throw off and injure a mere licensee riding on the footboard of the locomotive held not sufficient in itself to support an inference of negligence. (Pp. 439-441.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Grayson County.

Lovett sued the railway company for personal injuries and recovered judgment which, on defendant's appeal, was reversed and rendered for appellant. Lovett thereupon obtained writ of error.

*Wilkins & Vinson* and *Randell & Wood,* for plaintiff in error.—
Plaintiff was not a trespasser but a passenger rightfully on said train.
Plaintiff and his colaborers had authority to ride on said train by per-
mission of the officers of defendant authorized to give the same. Plain-
tiff and his colaborers had been riding on said train with the full knowl-
edge of the officers of defendant and without objection on their part
for such a length of time that plaintiff might have presumed his right
to ride on said train by virtue of the consent and invitation of defend-
ant. Said train was not a freight train in the meaning of the rules
and regulations of the defendant, but was a special train for the pur-
pose of hauling gravel and employes of Ricker, Lee & Co. from the gravel
pit to the main line. Houston & T. C. Ry. Co. v. Moore, 49 Texas, 47;
Texas & P. Ry. Co. v. Black, 87 Texas, 164; Prince v. International &
G. N. Ry. Co., 64 Texas, 145.

There was evidence to warrant the jury in finding that the engineer
in charge of the locomotive upon which plaintiff was riding at the time
he was hurt was guilty of negligence.

The engine upon which plaintiff was riding was on a spur leading
from the main line to the gravel pit, and was, at the time plaintiff was
injured, coming in from said gravel pit and approaching the main line.
It was the duty of the engineer to be looking out for trains along the
main line, and to have his engine under such control as that he could
stop the same with ease, if there should be any obstruction upon the
main line, it being then and there the intention of said engineer to go
upon the main line in the event the same was clear. Instead of that,
the engineer approaches the main line at a dangerous and rapid rate of
speed, suddenly hears the whistle of a locomotive of a train thereon,
and stops his engine with such suddenness as to throw plaintiff off and
injure him. It occurs to us that the engineer was not only negligent,
but grossly so, in the operation of his engine. Plaintiff was a passenger
and entitled to protection as such.

*J. W. Terry* and *Chas. K. Lee,* for defendant in error.—There is
really no conflict in the testimony as given by the witnesses on the
question as to whether it was safer to ride on the footboard or on the
cars. Every witness but Lovett says emphatically that it was safer to
be on the cars, and while Lovett says he did not so consider it, his tes-
timony, taken in connection with the physical facts and the whole
record, is not sufficient to raise an issue on the question. Where physi-
cal facts demonstrate to all reasoning minds that a particular condition
must exist, there can be no issue as to the existence of such condition,
it makes no difference how many witnesses may be willing to deny its
existence. Considered in any light, and from every standpoint, riding
on the footboard between the cars is manifestly and necessarily more
dangerous than riding on top of a flat car, and the very results in this
case so demonstrate absolutely. There was therefore no issue to go to
the jury as to whether Lovett's position was an unnecessarily exposed

one. Where one assumes an unnecessarily exposed position on a train, whether he be rightfully or wrongfully on the train, he both assumes the risks of injury from such position, and is guilty of contributory negligence in taking such position, and if it appears from the evidence that he would not have been injured if he had not been in such position, he can not recover. Texas & P. Ry. Co. v. Boyd, 6 Texas Civ. App., 211; Baltimore & P. Ry. Co. v. Jones, 95 U. S., 439; Wilcox v. San Antonio & A. P. Ry. Co., 11 Texas Civ. App., 489; Cleveland C. C. & St. L. Ry. Co. v. Moneyhun, 44 N. E. Rep., 1106; Houston & T. C. Ry. Co. v. Clemmons, 55 Texas, 90; Rucker v. Mo. Pac. Ry. Co., 61 Texas, 499.

The position that Lovett occupied on the train is condemned as extra hazardous and unnecessarily exposed by every consideration of the laws of physics and the common experience of mankind in such matters, as well as by the practically unanimous opinion of the courts. Where the injured party has assumed an unnecessarily exposed position, and such exposed position is the proximate cause of his injuries, he is not entitled to recover. Houston & T. C. Ry. Co. v. Clemmons, 55 Texas, 88; Baltimore & P. Ry. Co. v. Jones, 95 U. S., 439; Kresanowski v. Northern Pac. Ry. Co., 18 Fed. Rep., 229; Northern Pac. Ry. Co. v. Egeland, 163 U. S., 93; Erie Ry. Co. v. Kane, 118 Fed. Rep., 223; Haynes v. Ft. Dodge & O. Ry. (Ia.), 92 N. W. Rep., 57; Cleveland C. C. & St. L. Ry. Co. v. Moneyhun, 44 N. E. Rep. (Ind.), 1106; Glover v. Scotten (Mich.), 46 N. W. Rep., 936; Warden v. Louisville & N. Ry. Co. (Ala.), 10 So. Rep., 276; Abend v. Terre Haute Ry. Co., 17 Am. and Eng. R. R. Cases (Ill.), 614; Little Rock & F. S. Ry. Co. v. Miles, 13 Am. and Eng. R. R. Cases (Ark.), 10; Atchison T. & S. F. Ry. Co. v. Lindley, 6 Law. Rep. Ann. (Kan.), 646. The doctrine of these cases has been repeatedly followed by our Texas Courts of Civil Appeals. St. Louis S. W. Ry. Co. v. Rice, 9 Texas Civ. App., 512; Wilcox v. San Antonio & A. P. Ry. Co., 11 Texas Civ. App., 489; Texas & P. Ry. Co. v. Boyd, 6 Texas Civ. App., 211.

There was no evidence tending to show any negligence on the part of the defendant that was in law the proximate cause of the plaintiff's injury If any duty was owed to the people on this train whatever, it was only the duty to operate the train in such a way as not to injure the people who were in the proper place on the train. St. Louis S. W. Ry. Co. v. Rice, 9 Texas Civ. App., 512.

The Court of Civil Appeals did not err in reversing the judgment of the District Court and rendering judgment against the plaintiff in error in favor of the defendant in error. Galveston H. & S. A. Ry. Co. v. Brown, 95 Texas, 2; Crawford v. Houston & T. C. Ry. Co., 89 Texas, 89.

Lovett was on the train without the knowledge and consent of any employe of the defendant authorized to give consent to his being on the train. He was therefore a trespasser and not entitled to recover. If not strictly a trespasser, he was certainly on the train only by the license of the trainmen and entitled to no greater care for his protection than if he had been employed by the railroad. The train was not a passenger

train, and it would be unfair to throw on the railroad company the duty of operating it with the same degree of care that is required in handling people of all classes and totally unused to being about railroad trains. Texas & P. Ry. Co. v. Black, 87 Texas, 160; International & G. N. Ry. Co. v. Cock, 68 Texas, 713; International & G. N. Ry. Co. v. Hanna, 58 S. W. Rep., 548; Wilcox v. San Antonio & A. P. Ry. Co., 11 Texas Civ. App., 489; Little Rock & Ft. S. Ry. Co. v. Miles, 13 Am. and Eng. R. R. Cases, 10.

WILLIAMS, ASSOCIATE JUSTICE.—The Court of Civil Appeals reversed a judgment of the District Court, recovered by plaintiff in error against the defendant in error for damages for personal injuries, and rendered judgment in favor of the defendant. The court based its action upon two propositions which were: (1) there was no evidence of negligence on the part of the defendant; and (2) that the evidence conclusively established contributory negligence on the part of plaintiff. Upon a close examination of the evidence this court is of the opinion that the first reason, if not the second, is sound. It is important to determine the legal relation in which plaintiff and defendant stood to each other when the former received his injuries. Plaintiff was an employe of Ricker, Lee & Co. and not of the railroad company. Nor was he, when hurt, a passenger. The railroad company owned a gravel pit situated a short distance from its road, from which it obtained gravel used in improving its tracks, etc. From its main line to this pit was a spur track used by defendant, not for carrying freight or passengers, but solely for the transportation of the gravel for its own use. Upon this spur it operated a switch engine to haul empty flat cars to the pit and loaded ones from the pit to a siding upon its main line. Ricker, Lee & Co. were independent contractors, who had engaged with the defendant to get gravel out of the pit and load it upon the cars, and for this purpose had employed plaintiff and other hands. The duty of the servants of the railroad company was, therefore, to carry empty cars to the proper points for loading and loaded ones to the siding mentioned, while that of the servants of Ricker, Lee & Co. was to load the cars with gravel. The last mentioned servants boarded at the station house upon defendant's main line about three-fourths of a mile from the pit. The contract between the railroad company and Ricker, Lee & Co. did not obligate the former to convey the employes of the latter to and from this boarding place or to perform for them any service which affects the questions before us. These employes had for a long time been in the habit of riding on the engine and cars back and forth from the pit to the section house, and we shall assume that the evidence justifies the conclusion that this was done with the permission of authorized agents of the railroad company. This is the strongest statement of the right of the men to so ride that can be made consistent with the evidence. Sometimes the trip was made with engine alone, while at others it had

attached to it cars, loaded or empty. The men sometimes walked, but generally rode to and from their boarding house, selecting for themselves the parts of the engine or train which they would occupy, except that the engineer did not allow them to ride in the cab. The evidence indicates that they stood upon the footboard of the engine as well as at any other place they chose. On the day of plaintiff's injury he and the other hands of Ricker, Lee & Co. were going from the pit to their dinner upon the train consisting of the engine and a number of flat cars loaded with gravel. The plaintiff and another employe stood upon the footboard of the engine between it and the next flat car, holding on by hand-holds upon the rear end of the engine. A third employe sat upon the end of this flat car with his feet hanging down between it and the engine. The plaintiff claims that he was thrown from this position and in front of the wheels of the car by a sudden jerk, or jar, caused by the negligence of the engineer. Neither the other man, who stood upon the same foot board, nor he who sat upon the car next to them, was injured or disturbed. When closely scrutinized, the evidence descriptive of this jerk and its effect is all that is adduced to support the charge of negligence. There is evidence, it is true, that tends to show that the engineer was approaching the main track at too high rate of speed when another train made its appearance thereon near the switch leading to the spur track; and it is contended that the danger of a collision, thus brought about by the negligence of the engineer, necessitated a sudden stop which caused plaintiff's injuries. But it was only a jerk which, plaintiff claims, caused the fall, and, assuming that it was produced by some action of the engineer, the question at last is, was the jerk of such character as to constitute evidence that such action as the engineer took was negligent?

It must be considered that plaintiff was neither a passenger, nor an employe in the discharge of his duty. He was simply a volunteer riding with permission of defendant, gratuitously given, in the place selected by himself. Downey v. Chesapeake & O. Ry. Co., 28 W. Va., 742. He was riding upon a gravel train, in a position from which he would easily be thrown by jerks and jolts to which such conveyances are subject, even when carefully operated. In availing himself of the permission to ride, he assumed all the risks which arose from the character of the conveyance and the ordinary method of operating it. The servants of the railway company owed him only the duty of taking ordinary care not to injure him, and, subject to that duty, had the right to operate the train as the exigencies of the business of their employer required. With these facts in mind, can it be said that a jerk which threw plaintiff from such a position on such a train is evidence of negligence on the part of the engineer in operating such train. He describes it as a "sudden jerk" or "jar," "a sudden sort of stop," which broke loose his hold, when he was holding to the hand-hold "as tight as a man could hold anything," and threw him off. He further testified, "I was

holding on as tight as was necessary to keep me from falling off that train," after which the following questions and answers occur in the record:

"Q.　Then it would take a very violent jar to jar you off, wouldn't it?　A.　Well, it throwed me off.

"Q.　Well, it wasn't a very violent jar, was it? · A.　It was a violent jar to me.

"Q.　If it was a violent jar to you, wasn't it a·violent jar to the train?　A.　I suppose so."

The record further shows that, except by inference from seeing the other train on the main line, the application of the air brakes and the jerk, as he describes it, plaintiff had no knowledge of what the engineer did; and all of the other evidence in the case is to the effect that the engineer did nothing to cause an extraordinary jar of the engine. The use of such words descriptive of the character of the jerk in such a train is, in our opinion, insufficient to raise an inference of negligent action on the part of the engineer, of which there is no other evidence, especially when considered in connection with the undisputed fact that others equally exposed with plaintiff were not affected. In some cases such a fact might speak for itself and furnish evidence of negligence, as in the case of a passenger thrown from a train (Choate v. Railway Co.; 90 Texas, 82); but the probability of such occurrences in this kind of train, properly managed, to one exposed as plaintiff was, renders such a conclusion inadmissible under the facts of this case. It is unnecessary to consider the other reasons for the action of the Court of Civil Appeals.

*Affirmed.*