HICKS v. GULF, C. & S. F. RY. CO. et al. (No. 433.)

(Court of Civil Appeals of Texas. Beaumont. May 10, 1919. Rehearing Denied June 4, 1919.)

1. RAILROADS ⚖=260—PERSONS INJURED ON TRACK USED BY OTHERS.

A servant employed upon a train making trips over another company's road is entitled to presume that such company performed its duty to keep the track in a safe condition, and is entitled to damages for injuries received by reason of its failure in such respect.

2. RAILROADS ⚖=136—CONTRACTS.

Railroad companies may make contracts in their private character for the use of road, as distinguished from their public character of common carrier.

3. RAILROADS ⚖=275(2) — "LICENSEE" — PERSON ON MOTOR CAR OPERATED OVER TRACK.

Where a railroad gave a lumber company written permission to use its tracks, receiving no consideration therefor, lumber company not being a common carrier, a servant of the lumber company, while riding on one of the lumber company's motorcars, was a mere licensee (quoting Words and Phrases, First and Second Series, Licensee).

4. RAILROADS ⚖=275(1) — INJURIES TO LICENSEE ON MOTORCAR OPERATED OVER TRACK.

A railroad company owes to a mere licensee, riding on a motorcar operated over its track, no affirmative duty in regard to fencing its right of way so as to keep stock off of the track, or the condition of the track, the licensee assuming all the risks incident to the operation of the car.

Appeal from District Court, Hardin County; J. Llewellyn, Judge.

Suit by C. R. Hicks against the Gulf, Colorado & Santa Fé Railway Company, in which the defendant made Kirby Lumber Company a party, and prayed judgment over against it for such amount as may be recovered by the plaintiff against the railway. From an adverse judgment, the plaintiff appeals. Affirmed.

Smith & Crawford and John Hancock, all of Beaumont, for appellant.

F. J. & C. T. Duff, of Beaumont, and Andrews, Streetman, Logue & Mobley, of Houston, for appellees.

WALKER, J. This suit was filed in the district court of Hardin county, Tex., against appellee Gulf, Colorado & Santa Fé Railway Company, seeking recovery against it for damages received by appellant on November 28, 1915, while riding on a motorcar operated over the line of appellee by the Kirby Lumber Company. The Gulf, Colorado & Santa Fé Railway Company made the Kirby Lumber company a party to the suit, and prayed judgment over against it for such amount as might be recovered by appellant against the railway company.

The plaintiff sued only the Gulf, Colorado & Santa Fé Railway Company, and in his petition alleged, in substance, that he, as an employé of the Kirby Lumber Company, was riding on a certain motorcar then and there being operated by the Kirby Lumber Company over the tracks of the Gulf, Colorado & Santa Fé Railway Company under a certain written contract between said railway company and the Kirby Lumber Company. Said car was derailed through contact thereof with a cow on said track, and in said derailment plaintiff sustained certain personal injuries, which were the result of negligence upon the part of said railway company in failing to keep in repair its right of way fences, which it had permitted to become so out of repair as to permit live stock to come onto the railroad track; it being further alleged that the presence of the cow in question on the track was due to the alleged defective condition of the right of way fences, this being, as found by the court, the only ground of negligence alleged in plaintiff's petition.

The case was tried without a jury, and the trial court filed findings of fact and conclusions of law. No statement of facts is in the record.

For the purposes of this opinion, we give the following findings of fact by the court:

(a) That on the 28th day of November, 1915, the plaintiff, C. R. Hicks, was in the employ of the Kirby Lumber Company as a tie inspector helper, his duty being to mark railroad cross-ties.

(b) That on that date, and for a long time theretofore, the Kirby Lumber Company had a certain tie contract with the Atchison, Topeka & Santa Fé Railway Company, by and under which the said Kirby Lumber Company manufactured and sold and delivered to said Atchison, Topeka & Santa Fé Railway Company railroad cross-ties at prices in said contract specified.

(c) That on said date, and for some time theretofore, the said Kirby Lumber Company had a certain motorcar contract with the Gulf, Colorado & Santa Fé Railway Company, of which the said Hicks had no actual knowledge, which said contract is in words and figures, omitting formal portions, as follows, to wit:

"Whereas, the Kirby Lumber Company desires to operate upon the rails and track of the Gulf, Colorado & Santa Fé Railway Company motorcars; and

"Whereas, such use of the motorcars would be a great saving to said Kirby Lumber Company, and greatly expedite its employés in traveling from one of its lumber and tie camps to another, and said lumber company has applied to the said railway company for permission to so operate said motorcars upon the track of the railway company between Beaumont and Longview, between Gary and Grigsby, between Silsbee and Somerville, between Bragg and Saratoga, and between Kirbyville and Bonwier, and such use will be without cost or expense to the Kirby Lumber Company:

"Now, therefore, know all men by these presents:

"That the Kirby Lumber Company, in consideration of the above-recited facts, does hereby obligate itself to pay any or all damages to either persons or property that may be caused by the use of the aforesaid motorcars, or any of them, upon the track of said railway company; and the said Kirby Lumber Company does hereby waive any obligation or duty of said railway company, which might otherwise exist, to give notice to its employés operating said motorcars upon the track of said railway company of the approach of trains, cars, engines, or handcars, by bell, whistle, or otherwise; and said Kirby Lumber Company further agrees to adopt such means as will enable its employés, while operating said motorcars upon the track of the railway company, as aforesaid, to keep advised of the approach of trains, regular, extra, or special, cars, engines, handcars, or motorcars, and to avoid injury thereby.

"Said Kirby Lumber Company hereby takes notice and is advised that trains, cars, engines, or handcars, or motorcars, are liable to pass over the track of said railway company at any time.

"It is further agreed that the railway company may at any time revoke the above permission to operate said motorcars upon its track without previous notice.

"In testimony whereof witness our hands this 10th day of October, A. D. 1914."

(d) That on said date, to wit, November 28, 1915, the plaintiff, C. R. Hicks, in company with two other Kirby Lumber Company employés, was riding on one of the said Kirby Lumber Company motorcars over a portion of the tracks of the Gulf, Colorado & Santa Fé Railway Company described in said motorcar contract, the said Hicks and the other two employés of the Kirby Lumber Company referred to being at that time on their way from Silsbee, Tex., to Plantersville, Tex., at which last-named place there were certain railroad cross-ties to be inspected and marked; and while so riding on said motorcar over said tracks during the nighttime, said motorcar being at the time operated with due care, at a point near the station of Thorp, in Montgomery county, as said motorcar was turning a curve, it suddenly came in contact with a cow upon said track, as a result of which contact the plaintiff has been pecuniarily damaged, the extent of which damage I find it unnecessary to definitely determine in view of my conclusions of law upon the other facts found herein.

(e) That at or near the point where said motorcar came in contact with said cow the defendant, Gulf, Colorado & Santa Fé Railway Company, had permitted the fences inclosing its right of way to become out of repair to such an extent that stock were able to pass onto the right of way and track of said railway company, and said fences had been so out of repair for such length of time and under such circumstances that the defendant, Gulf, Colorado & Santa Fé Railway Company, ought reasonably to have known of that fact.

On these facts the court concluded as follows:

That the plaintiff, while riding upon the motorcar of the Kirby Lumber Company at the time and place and under the circumstances referred to, was a mere licensee upon the tracks of the Gulf, Colorado & Santa Fé Railway Company, and that said Gulf, Colorado & Santa Fé Railway Company did not owe to plaintiff, as such licensee, any duty to repair the fences inclosing its right of way, and that, owing no such duty to the plaintiff, its failure to repair such fences would not be negligence towards the plaintiff, and that, this being the sole ground of negligence alleged in the plaintiff's, petition, the plaintiff is not entitled to any recovery against said Gulf, Colorado & Santa Fé Railway Company.

Appellant's first assignment of error is that the court erred in finding and concluding that appellant was a mere licensee upon the tracks of the appellee railway company.

As we have no statement of facts before us, in determining whether or not the court erred in concluding that the plaintiff was a mere licensee we are restricted to the court's findings, which, in so far as they relate to this assignment, are confined to the motorcar contract, by the terms of which permission was accorded to the Kirby Lumber Company to operate motorcars upon the railway company's track, and the other findings copied herein. Under these findings, the railway

company was under no obligation of any character to permit the Kirby Lumber Company to operate a motorcar upon its tracks, there being nothing in the public charter of the railway company requiring it to give this permission to the Kirby Lumber Company.

[1] In defining the relation between himself and the railway company, the appellant has cited us to Trinity & Sabine Railway Co. v. Lane, 79 Tex. 648, 15 S. W. 478. The Supreme Court states this rule as follows:

"The defendant company, by accepting its charter, assumed the obligation to keep the track in safe condition for the operation of trains over it, and to do this is a duty it owes to all persons who are permitted by it to travel upon or operate trains over it. The plaintiff being employed upon the train of another company, which was making trips over the defendant's road, as the evidence shows, was entitled to presume that this duty would be performed, and, having been injured by reason of the failure to perform it, he is entitled to recover of defendant damages for his injuries."

This rule, as thus stated by the Supreme Court, is undoubtedly the law of Texas; and if this motorcar contract brings this case within the rule announced in the Lane Case, then appellant was not a licensee on the track of the railroad company, and the railroad company would be liable to him on the facts as found by the trial court. Except where the contract was mutual or the track was being used by invitation, in all the cases called to our attention where the owning company has been held liable for injuries to the servants of another company using its tracks by virtue of some sort of trackage agreement or contract, the track was being used in the charter rights of the owning company. In other words, one common carrier was using the tracks of another common carrier. Such contracts, whether mutual or a mere license, are made by a railroad company in its character of common carrier, and it is liable as such. Unless the contract is mutual, or the track is being used by invitation, we believe that the duty of the owning company to the operatives of the using company is determined by the purposes for which the track is being used. When a railroad company is contracting as and in its character of common carrier, it is liable to all persons operating trains over its track, to the same extent as if they were its own servants.

[2] However, it has long been the public policy of our laws to permit railroad companies to make contracts in their private character, as distinguished from their public character of common carrier. As said by Judge Brown in M., K. & T. Ry. Co. v. Carter, 95 Tex. 477, 68 S. W. 164:

"A railway company, when not contracting in its character of common carrier, has the same right of contract as other corporations or persons."

[3] Such is the nature of this motorcar contract, and appellant's case rests upon the duties owed him by the railroad company in its private character. The reading of the contract will disclose that the Kirby Lumber Company had applied to the railroad company for permission to operate cars on the railroad company's track, and that the railway company had granted such permission, revokable at will, without prejudice of any kind. There is no element of advantage or mutual interest or implied invitation involved in the contract. It expresses a consideration moving to the Kirby Lumber Company alone, to wit, the saving which would result to the Kirby Lumber Company and the expedition of its employés in traveling from one of the lumber company's tie camps to another.

Words and Phrases, second series, vol. 3, p. 126, gives the following definition of a licensee:

"A mere licensee is one who is clothed with no right, and to whom no invitation has been extended, but who is upon the premises of another by permission or acquiescence."

And again:

"A licensee is one who goes upon the land of another for his own purposes only."

Judge Reese, in Mack v. H. E. & W. T. Ry. Co., 134 S. W. 847, thus defines a licensee:

"We recognize fully the rule in this regard as to licensees; that is, persons who are not trespassers, but are upon the premises of another merely by his permission, expressed or implied, and not by any express or implied invitation."

Mr White, in his work, Personal Injuries on Railroads, § 870, lays down the rule that, in ascertaining the relation which an injured person bears to the owner of the premises where the injury was received, it is generally held to be a reliable test, in determining the duty owed by the owner to inquire whether or not the injured person at the time of the injury had business relations with the owner of the premises which would render his presence of mutual advantage to the two, or whether his presence was for his own convenience or on business with others than the owner of the premises. In the absence of some relation which inures to the mutual benefit of the owner of the premises and the injured person, or to the former alone, there is generally held to be no implied invitation on the part of the owner.

In the case of Lovett v. G., C. & S. F. Ry. Co., 97 Tex. 436, 79 S. W. 514, a decision by the Supreme Court, it appears that certain independent contractors had arranged with the railway company to get gravel out of the railway company's pit and load it upon the railway company's cars, and for that purpose had employed the plaintiff Lovett and others. The contract between the railway company

and the independent contractors did not require the railway company to carry the employés of the independent contractors to and from the gravel pit, but these employés had for a long time been in the habit of riding to and from the pit on the engine and cars of the railway company. This was done with the permission of the authorized agents of the railway company. It was held by the Supreme Court that the plaintiff, who was injured while so riding, was not a passenger, but was simply a volunteer, riding with permission of the plaintiff, gratuitously given, at a place selected by himself, and that the servants of the railway company owed him only the duty of taking ordinary care not to injure him, and, subject to that duty, had the right to operate the train as the exigencies of the business of their employment required. The railway company stood under no obligation to carry them, and merely permitted them to ride. They were, under such circumstances, held by the Supreme Court to be merely licensees and not passengers.

In G., C. & S. F. Ry. Co. v. Walters, 49 Tex. Civ. App. 71, 107 S. W. 370, one Evans had a contract with the railroad company for feeding employés engaged in construction work. Plaintiff was a cook in the employ of Evans, and was in the habit of riding to and fro on the railroad company's train, in the caboose attached to the construction train, with the consent of the railroad company; and at the time of the accident he was riding in the caboose, with the knowledge and consent of the conductor in charge of the construction train. It was held, in an opinion by Judge Reese, that the plaintiff, under these facts, was a mere licensee.

Except in so far as the motorcar license contract gave appellant a right to be upon the tracks of the railroad company, he had no right whatsoever to be there. Without this contract, he was unlawfully upon the track, and would have been a mere trespasser. Appellant pleaded this contract as the basis of his right to recover. His right can rise no higher than the sourse of the right. His presence there was permissive. The fact that this permission was in writing in no way changes or modifies the relation between appellant and appellee. "A written license, although under seal, has only the same effect as a parol license." 25 Cyc. 642.

It cannot be said that the Kirby Lumber Company, under the terms of the motorcar contract, acquired any greater rights than those of a mere licensee upon the railroad company's track. The rights of appellant, an employé of the Kirby Lumber Company, operating a motorcar under this contract, were no greater than the rights of the Kirby Lumber Company itself. We think the following authorities fully sustain the court's conclusion of law that appellant was a mere licensee

on the tracks of the railway company: St. Louis S. W. Ry. Co. of Texas v. Spivey, 97 Tex. 143, 76 S. W. 748; De la Pena v. I. & G. N. Ry. Co., 32 Tex. Civ. App. 241, 74 S. W. 58; S. A. & A. P. Ry. Co. v. Montgomery, 31 Tex. Civ. App. 491, 72 S. W. 616; G., B. & K. C. Ry. Co. v. Harrison, 104 S. W. 400; Lovett v. G., C. & S. F. Ry. Co., 97 Tex. 436, 79 S. W. 514; G., C. & S. F. Ry. Co. v. Walters, 49 Tex. Civ. App. 71, 107 S. W. 370; Mexican Nat. Ry. Co. v. Crum, 6 Tex. Civ. App. 702, 25 S. W. 1126; H. B. & T. Ry. Co. v. O'Leary, 136 S. W. 601; City of Greenville v. Pitts, 102 Tex. 2, 107 S. W. 50, 14 L. R. A. (N. S.) 979, 132 Am. St. Rep. 843; Railway Co. v. Morgan, 92 Tex. 102, 46 S. W. 28; Oil Co. v. Morton, 70 Tex. 403, 7 S. W. 756, 8 Am. St. Rep. 611; Dobbins v. Railway, 91 Tex. 60, 41 S. W. 62, 38 L. R. A. 573, 66 Am. St. Rep. 856; Railway v. Edwards, 90 Tex. 68, 36 S. W. 430, 32 L. R. A. 825; Downey v. C. & O. Ry. Co., 28 W. Va. 742; Carr v. Mo. Pac. Ry. Co., 195 Mo. 214, 92 S. W. 877; Cleveland, etc., Ry. Co. v. Workman, 66 Ohio St. 509, 64 N. E. 582, 90 Am. St. Rep. 602; Albion Lbr. Co. v. De Nobra, 72 Fed. 739, 19 C. C. A. 168; Shoemaker v. Kingsbury, 79 U. S. (12 Wall.) 369, 20 L. Ed. 432; Indian Refining Co. v. Mobley, 134 Ky. 822, 121 S. W. 657, 24 L. R. A. (N. S.) 497; Bennett v. L. & N. Ry. Co., 102 U. S. 577, 26 L. Ed. 235; Reardon v. Thompson, 149 Mass. 267, 21 N. E. 369; Hutchinson, Carriers, vol. 2, § 61, p. 57; Wade v. Lumber Co., 74 Fed. 517, 20 C. C. A. 515, 33 L. R. A. 255; Redigan v. Ry. Co., 155 Mass. 44, 28 N. E. 1134, 14 L. R. A. 276, 31 Am. St. Rep. 520; White, Personal Injuries on Railroads, vol. 2, §§ 870, 872.

[4] Appellant's second assignment of error is that the court erred in concluding that the defendant, Gulf, Colorado & Santa Fé Railway Company, did not owe plaintiff any duty to repair the fence inclosing its right of way.

As sustaining this assignment appellant cites the same line of authorities reviewed by us in the August Scholz Case, 209 S. W. 224. As he was a mere licensee at the time of his injury, these authorities are not in point. The railroad company owed to appellant no affirmative duty in regard to its fence or the condition of its track. As a licensee appellant took the track as he found it, and assumed all the risks incident to the operation of this motorcar. As found by the trial court, the fences inclosing the right of way of appellee were out of repair to such an extent that cattle were able to pass onto the right of way and track of the railway company, and these fences had been out of repair for such length of time and under such circumstances that the railway company ought reasonably to have known of that fact. No affirmative duty rested on the railway company to repair this fence for the protection of a mere licensee. The rule is thus stated by White in

his work "Personal Injuries on Railroads," § 872:

"There is no duty imposed by the law upon an owner or occupant of premises to keep them in suitable condition for those who come there for their own convenience merely, without any invitation, express or implied, and without having any business with the owner of such premises.

"The reason for the distinction is manifest, for the very basis of every action for an injury to the person is the violation of some duty owing by the party alleged to have caused the injury. Without a relation from which a duty would spring or be created by law, there could be no negligence, or a breach of a duty that did not exist, and consequently no liability would exist, unless a relation be first established from which some correlative duty would be implied."

The following authorities fully sustain this rule: Greenville v. Pitts, 102 Tex. 1, 107 S. W. 50, 14 L. R. A. (N. S.) 979, 132 Am. St. Rep. 843; Dobbins v. Railway Co., 91 Tex. 60, 41 S. W. 62, 38 L. R. A. 573, 66 Am. St. Rep. 856; Fleming v. Texas Loan Agency, 24 Tex. Civ. App. 203, 58 S. W. 971; Railway Co. v. Sgalinski, 19 Tex. Civ. App. 107, 46 S. W. 113; De la Pena v. Railway Co., 32 Tex. Civ. App. 241, 74 S. W. 58; Mack v. Railway Co., 134 S. W. 846; Cameron & Co. v. Polk, 177 S. W. 1178; Denison, etc., Power Co. v. Patton, 105 Tex. 621, 154 S. W. 540, 45 L. R. A. (N. S.) 303; Railway Co. v. Kinsloe, 172 S. W. 1124; Stamford Oil Co. v. Barnes, 103 Tex. 409, 128 S. W. 375, 31 L. R. A. (N. S.) 1218, Ann. Cas. 1913A, 111; Kirby Lbr. Co. v. Gresham, 151 S. W. 847.

Appellant has many additional assignments in his brief, but, as the two discussed by us dispose of this case, we shall not discuss the others.

Finding no error in this record, this case is in all things affirmed.