## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. CAUDLE.    (No. 2481.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 18, 1922. Rehearing Denied Jan. 26, 1922.)

Railroads ⚘337(2)—Obstruction of crossing and failure to light depot held not proximate cause of injury in climbing car.

Plaintiff, who climbed on a flat car obstructing crossing and who fell in descending from other side, could not recover from railroad on theory that it was negligent in obstructing street with train in violation of Vernon's Ann. Pen. Code 1916, arts. 1531e, 1531f, and in failing to have depot, located 50 or 60 feet from crossing, lighted, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 6591; such negligence not constituting the proximate cause of the injury.

Appeal from District Court, Titus County; R. T. Wilkinson, Judge.

Action by O. W. Caudle against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

The track of appellant's railway ran east and west through Winfield. The depot was north of the main line track and 15 or 18 feet from it. South of that track, near to it, and running parallel with it, was another track. The tracks crossed a public street at a point 50 or 60 feet west of the depot. Appellee lived 400 or 500 yards south of the tracks. About 3:30 o'clock of the morn-

---

⚘For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing of December 12, 1920, he left his home to go to the depot to take a west-bound train. Finding the street crossing obstructed by a long freight train standing on the side track, and hearing a whistle which he thought was the whistle of the train he wished to take, he walked east to a flat car in the train and undertook to cross over it. He climbed upon the west end of the car, walked thereon to the east end thereof, which was opposite the west end of the depot, and fell to the ground while "trying," using his language, "to climb off that train on the ladder or step rods." In falling as he did appellee dislocated or sprained his ankle. He brought this suit for damages on the theory that appellant was guilty of negligence proximately causing the injury in that it obstructed the crossing for more than five minutes by permitting the freight train to stand on same, and in that it failed to have its depot and the approaches thereto lighted. Appellant in its answer to the suit denied that it was guilty of negligence as charged against it, and alleged that the injury appellee' suffered was due to his own negligence in crossing over the flat car as he did. In his main charge the trial court instructed the jury to find for appellee if they believed he was on appellant's "grounds at or near the depot with the bona fide intention of taking passage on one of its trains," further believed that appellant "had obstructed the passageway to its depot by one of its freight trains," further believed that appellee, "in the exercise of ordinary care in attempting to cross over one of the flat cars" to reach the depot, fell and was injured, and further believed that his injuries were the proximate and direct result of the negligence of appellant "in obstructing the said passageway," and that appellee "was not himself negligent in attempting to cross said flat car as he did," and in a special charge given at appellee's request instructed the jury to find for him, other conditions concurring, if they believed appellant "negligently failed to keep its depot lighted for a reasonable time before the arrival of its passenger trains." The verdict was in appellee's favor, the jury assessing the damages at $1,250, and judgment was rendered accordingly.

King, Mahaffey & Wheeler, of Texarkana, and J. M. Burford, of Mt. Pleasant, for appellant.

J. A. Ward and I. N. Williams, both of Mt. Pleasant, for appellee.

WILLSON, C. J. (after stating the facts as above). If it should be conceded that the testimony warranted findings involved in the verdict, that appellant was guilty of negligence in that (1) it obstructed the street with its train in violation of the statute (articles

1531e and 1531f, Vernon's Ann. Pen. Code), and (2) did not have its depot ·lighted as required by law (article 6591, Vernon's Statutes), we think it would nevertheless have to be held that the verdict was unauthorized, because the testimony did not warrant the further finding involved in it that such negligence was a proximate cause of the injury to appellee.

As to the obstruction of the street, we do not see that the case is materially different from De La Pena v. Railway Co., 32 Tex. Civ. App. 241, 74 S. W. 58, and Railway Co. v. Kelly, 78 S. W. 372, and (Sup.) 80 S. W. 1197.

In the De La Pena Case the plaintiff, finding the street obstructed by a train and undertaking to go around it over a traveled path on the railway company's right of way, stepped into a hole and broke his leg. On the ground that the company was guilty of negligence in obstructing the street and in permitting the hole to be where it was on its right of way, the plaintiff sought a recovery of damages against the company. In affirming a judgment in the company's favor, based on an instructed verdict, the court said:

"No duty rested on the defendant to maintain the path along its right of way in a safe condition. * * * The obstruction of the crossing was not that which, in a natural and continuous sequence, unbroken by any new, independent cause, produced the accident which resulted in plaintiff's injury, and hence not its proximate cause."

In the Kelly Case the plaintiff undertook to go around a train obstructing the street by driving off of the street and over the company' tracks. One of the wheels of the vehicle in which he was riding went into a hole or depression in the tracks, causing the vehicle to lurch and throw plaintiff's wife, who was with him, to the ground, thereby injuring her. In reversing a judgment in the plaintiff's favor the court said:

"Because appellant may have been negligent in obstructing the street did not justify appellees in driving into a place with which they were unacquainted, upon the property of the railway company, where they had no right to be, and where the wrong in obstructing the street could not have justified them in going. The railroad company owed them no duty to keep its tracks so that they could drive over them safely except on highways and crossings, and they undertook to cross where they did at their own peril."

In the instant case, as in those cited, the plaintiff was off of the street and on the company's property when he was injured. If there is a material difference in the facts of the cases, it lies in this, that in the De La Pena and Kelly Cases the plaintiffs, respectively, fell and were injured because of defects they knew nothing about in the way they chose to

use in going over the company's property, while in the instant case appellee did not fall because of a defect in the way he chose to use in crossing to the depot. Evidently, if negligence of the companies in the cases cited in obstructing the streets was not a proximate cause of injuries to the plaintiffs resulting from defects in ways they chose to use in passing around the trains, like negligence of appellant was not a proximate cause of the injury to appellee resulting from use he chose to make of the flat car as a way to go to the depot.

As to the failure of appellant, if it did fail, to have its depot sufficiently lighted, it is clear it was not a proximate cause of the accident. The way appellee chose to use in crossing to the depot was not provided for such use, and reasonably appellant could not have foreseen that appellee would use it as he did. As it could not, its failure to have the depot so lighted as to aid appellee in passing over and alighting from the car safely was not a proximate cause of the injury he suffered.

The judgment of the court below will be reversed, and judgment will be here rendered that appellee take nothing by his suit against appellant.