JOHN E. DRENNAN *vs.* PATRICK J. GRADY.

Suffolk.   November 19, 1896. — January 11, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Negligence — Due Care — Law and Fact.*

If, at the trial of an action for personal injuries occasioned to the plaintiff by falling through a trap door while he was returning from a toilet-room on the defendant's premises, there is evidence that the toilet-room was provided for the use of the defendant's customers, and that the plaintiff was a customer, the questions of the due care of the plaintiff and of the negligence of the defendant are for the jury.

TORT, for personal injuries occasioned to the plaintiff while on the defendant's premises. Trial in the Superior Court, before *Blodgett,* J., who allowed a bill of exceptions, in substance as follows.

The defendant was the proprietor of a liquor store. The plaintiff having visited the store first bought a glass of beer of a bar-tender named Moran, and then went to the water-closet, or urinal, in the rear of the saloon, which water-closet or urinal was adapted and intended for the use of customers. While the plaintiff was in the rear of the place the bar-tender, Moran, opened a trap door near the end of the bar, and directly in the path of the plaintiff as he would return from the urinal, and left the trap door open while he, Moran, went into the cellar. As the plaintiff returned, at the third step he took from the urinal he fell into the opening. The plaintiff testified that he heard no warning of any kind; that he did not observe the open door because the counter kept the light from the front of the store from falling upon it, while his own body shut off the light from the rear, and that the light from the front of the store, coming over the counter, dazzled his eyes somewhat; and he further testified that the day was somewhat cloudy.

One Flanagan, another bar-tender, testified for the defendant that the plaintiff did not ask for or receive any liquor while in the store; that after Moran had gone into the cellar he, the witness, stood by the trap door; that he did not see the plaintiff until he was within four or five feet of the opening; that he warned the plaintiff that the trap door was open; that the plaintiff paid no attention to him, but walked into the opening; and that he could have prevented the plaintiff from falling into it if he had stood between it and the plaintiff.

Moran was not called as a witness.

The counsel for the defendant asked the judge to rule that, upon all the evidence, the plaintiff was not entitled to recover. The judge refused so to rule.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*O. A. Galvin & J. F. Sweeney,* for the defendant, submitted the case on a brief.

*S. L. Whipple,* for the plaintiff.

FIELD, C. J.  ·There was evidence for the jury that the plaintiff was more than a mere licensee.  There was evidence that the water-closet and urinal were provided for the use of the customers of the defendant, and that the plaintiff was a customer. On the evidence, the questions of the due care of the plaintiff and of the negligence of the defendant were rightly left to the jury.  *Hendricken* v. *Meadows,* 154 Mass. 599.

*Exceptions overruled.*