## THOMAS FITZPATRICK, BY HIS NEXT FRIEND, v. THE CUMBERLAND GLASS MANUFACTURING COMPANY.

The owner of lands is under no obligation to keep them in a safe condition for the use of a person who comes upon them, not by the invitation of the owner, but merely by his permission.

On rule to show cause.   Verdict for plaintiff.

Argued at November Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, GUMMERE and LUDLOW.

For the rule, *Walter H. Bacon.*

*Contra, Thomas W. Trenchard* and *John W. Wescott.*

The opinion of the court was delivered by

GUMMERE, J.   This is an action brought to recover damages for personal injuries, received by the plaintiff at the defendant company's glass works under the following circumstances: The plaintiff's father was an employe of the defendant company, and plaintiff (who was a boy twelve years of age) was accustomed to carry his father's dinner to him at the company's works.   The evidence justifies the conclusion that this was done not only with the knowledge of, but by the permission of the company.

On the day upon which the plaintiff received his injuries, he carried his father's dinner to the works, as usual, and, as he passed through the main gateway, one of the gates, which had been allowed by the company to get out of repair, fell upon him, crushing his leg.

These facts having been proved by the plaintiff and not having been controverted by the defendant company, a verdict in his favor was rendered by the jury.

The chief question presented by this rule is whether the defendant, at the time of the injury, owed the plaintiff any duty with regard to keeping the entrance to its works safe

for his ingress and egress. If it did, the jury properly found in favor of the plaintiff, but if it did not the verdict must be set aside, for, unless the plaintiff's injuries were the result of the neglect of duty on the part of the defendant, which it owed to him, no legal responsibility rests upon the defendant to compensate him for those injuries.

The question of the liability of the owner of land for injuries received by a person entering thereon, by reason of the unsafe condition of the premises, came before the Court of Errors and Appeals for determination in the late case of *Phillips* v. *Library Company*, 26 *Vroom* 307. Mr. Justice Depue, who delivered the opinion of the court, after considering and discussing the cases on the subject, declares the rule to be this: " That the owner or occupier of lands who, *by invitation,* express or implied, induces persons to come upon the premises for any purpose, is under a duty to exercise ordinary care to render the premises reasonably safe for such purpose, or at least to abstain from any act that will make the entry upon or use of the premises dangerous," but that " *mere permission* to pass over dangerous lands, or acquiescence in such passage for the benefit or convenience of the licensee, creates no duty on the part of the owner except to refrain from acts willfully injurious."

The same rule had previously been enunciated by this court in the case of *Vanderbeck* v. *Hendry*, 5 *Vroom* 467 ; and Chief Justice Beasley, in the case of *Matthews* v. *Bensel*, 22 *Vroom* 30, declares that there is no legal principle that imposes upon the owner of property, with respect to a mere licensee, the duty of keeping it in a safe condition.

Applying the rule established by these cases to the case in hand, it will at once be perceived that the defendant company was under no obligation to keep its premises safe for the use of the plaintiff. He was not there *by the invitation* of the company, express or implied. He was there about a matter in which the company had no concern, *i. e.*, the bringing of his father's dinner, and was saved from being a mere trespasser only by the fact that the company *permitted* him to

come upon its premises for that purpose. He was a mere licensee.

His presence on the company's land being merely permissive, and not by invitation, the only duty which the company owed him was to abstain from acts willfully injurious. That they failed in the performance of any such duty is not pretended in this case.

The rule to show cause should be made absolute, and a new trial directed.