MACK et ux. v. HOUSTON E. & W. T. RY. CO.

(Court of Civil Appeals of Texas. Feb. 4, 1911. Rehearing Denied Feb. 23, 1911.)

1. NEGLIGENCE (§ 32*)—CONDITION OF LAND—CARE OWED LICENSEES.

A landowner owes a licensee no duty to keep his premises in a safe condition.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 42–44; Dec. Dig. § 32.*]

2. RAILROADS (§ 274*)—INJURIES TO PERSONS AT STATIONS—LICENSEES—WHO ARE.

Though persons who congregate around a railroad station without business are only licensees, one in the employ of men, whom the railroad allowed to erect a building at the station which they used for a store, in which was the post office, and which was used by the railroad for a ticket office, was not a mere licensee, but was an invited person lawfully there to the extent his employment required his presence at the station, and as such was entitled to reasonable care on the part of the railroad.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 869; Dec. Dig. § 274.*]

3. PLEADING (§ 34*) — DEMURRER — GENERAL DEMURRER—INFERENCES AS TO VALIDITY OF PLEADING.

On general demurrer, every reasonable intendment will be indulged in favor of the pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 66–75; Dec. Dig. § 34.*]

4. PLEADING (§ 193*)—DEMURRER — GENERAL DEMURRER—PETITION.

If evidence admissible under the allegation of a petition might show a cause of action, a petition is good on general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 428–443; Dec. Dig. § 193.*]

5. RAILROADS (§ 282*)—INJURIES TO PERSONS AT STATIONS — PLEADING — ALLEGATION OF NEGLIGENCE—PROOF.

Where the petition in an action by a father against a railroad for the wrongful death of his minor son caused by the negligent maintenance of a defective crane at a certain station alleged that the son was lawfully and necessarily upon the station, proof that the decedent was necessarily near the crane is permissible.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 911; Dec. Dig. § 282.*]

Appeal from District Court, Polk County; L. B. Hightower, Judge.

Action by Henry Mack and wife against the Houston East & West Texas Railway Company. From a judgment sustaining a general demurrer and dismissing the action, plaintiffs appeal. Reversed and remanded.

F. Campbell, for appellants. Baker, Botts, Parker & Garwood, J. C. Feagin, and J. S. McEachin, for appellee.

REESE, J. Henry Mack and wife bring this suit against the Houston East & West Texas Railway Company to recover damages for the death of their son, Ellis Mack, 15 years of age, alleged to have been occasioned by the negligence of defendant. The trial court sustained a general demurrer to plaintiffs' petition, and, plaintiffs declining to amend, dismissed the suit. From the judgment of dismissal, plaintiffs appeal.

The petition alleged that appellee had a depot or station for receiving and discharging freight and passengers and the United States mails at a place called Bering on its line of railway; that, instead of bringing its trains to a stop to take on and put off the mails, appellee constructed at said station and alongside its track a machine called a "mail crane," by means of which the mail pouches were taken on and put off while trains were running at a high rate of speed, and that this machine was so negligently constructed that the steps thereto, which were designed to be suspended by hooks when not in use, would fall from the fastenings when trains moved by; that the defects in said machine were well known to appellee, but wholly unknown to the said Ellis Mack; and that appellee continued to use said crane without warning to any one of its danger. The crane was located on the depot grounds where people were in the habit of congregating on the arrival and departure of trains. The petition further alleged: "That a lumber manufacturing plant was situated at said station, and that said manufacturing company owned and maintained a commissary or store by the full consent of defendant company, immediately by the track of said railroad, which said storehouse was used by defendant company as a warehouse and passenger ticket office. That within the said building operated as said warehouse and ticket office the United States post office was by consent and knowledge of defendant company kept and maintained, and all persons were by permission and action of defendant company invited upon said depot premises, especially those in the employ of said lumber manufacturing concern, as was the plaintiffs' said son on the day he was killed. That the plaintiffs' son, Ellis, was in the employ of said lumber manufacturing concern, and that by virtue of the invitation of defendant company as aforesaid and the plaintiffs' said son's duties to his employer he was upon said defendant's grounds, and the plaintiffs' son did have a right to, and did expect, an ordinary degree of safety while upon said grounds. That on June 16, 1907, the plaintiffs' son, Ellis Mack, was standing near the mail crane and at a safe distance from the defendant's track, when one of defendant's passing trains caused said steps to fall from their fastening, struck the plaintiffs' son, Ellis, and knocked him upon the railroad track and under the said moving train. That the wheels of defendant's cars passed over their son's body, killing him instantly." There were further allegations showing the damages sustained by appellants from the death of their son. Under appropriate assignment of error appellants question the correctness of the ruling of the trial court sustaining the general demurrer.

From the brief of appellee we gather that the ground of demurrer relied upon, and which determined the court's ruling, is that, according to the allegations of the petition, Ellis Mack was a mere licensee, so far as his being upon the premises and at the place where he was injured were concerned, and appellee owed him no duty to keep the premises in a safe condition. We recognize fully the rule in this regard as to licensees; that is, persons who are not trespassers, but are upon the premises of another merely by his permission, expressed or implied, and not by any express or implied invitation. The law on this point is well settled, and if Ellis Mack was a mere licensee, as the case is stated in the petition, there was no error in sustaining the general demurrer. The machine in question was not a trap calculated to catch the unwary, nor was the deceased injured by any negligent act occurring after he came on the premises. But was he a mere licensee? We are familiar with the ordinary cases of persons congregating at depot grounds and upon depot platforms in pursuit of their own pleasure or convenience, their presence there having no connection, direct or indirect, with the business of the company. Such persons are there merely by the permission of the company, and, as long as such permission continues, are not trespassers. But, as to such persons, such permission may be withdrawn at any time, and those who were formerly licensees would thereby become trespassers. To such persons who are merely licensees the company owes no duty to see that the premises are in a safe condition. But in the circumstances that are alleged to have existed in this case deceased did not occupy this attitude. He was in the employment of the men who had been permitted by appellee to erect a building at the station, and to carry on their business of keeping a store or commissary therein. In this building was the United States post office and appellee's ticket office, and it was also used by it as a warehouse. The deceased was in the employment of the persons so occupying said building in connection with the business there carried on. As to the deceased, then, at least, whose employment required him to use the grounds in going to

and from about his business, appellee could not, so long as it permitted such business to be thus carried on upon its own grounds at the station, claim the privilege of barring deceased from the grounds so far as it was necessary or proper for him to be there in the usual and ordinary discharge of his duties to his employer. In so far, he was certainly there by the invitation of his employer, who was an occupant of the premises with the consent of appellee and for their mutual convenience and profit, and, so long as this condition continued, he had a legal right to so use the premises. It was not necessary that deceased should have had business with appellee. The quotation in appellee's brief from Elliott on Railroads (volume 2, pp. 1950, 1951) is applicable to the present case: "To come under an implied invitation, as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged, or which he permits to be carried on." By permitting the building in which deceased was employed to be erected on its grounds and to be used by the occupant as a store or commissary, which, as is shown, was at least in part for the convenience of appellee, appellee impliedly invited the employés of such occupant to make such use of the premises as was reasonably necessary and proper in the discharge of their duties. 29 Cyc. 456; Gile v. J. W. Bishop Co., 184 Mass. 418, 68 N. E. 837.

In the case of Wright v. Perry, 188 Mass. 268, 74 N. E. 328, the facts, briefly stated, were: The defendant was the lessee of the entire building in which the accident happened. He sublet the building to various tenants for business purposes, retaining control of the elevator and its approaches. The plaintiff while delivering goods to one of the tenants was injured by stepping into a hole in a platform at the entrance to the elevator, and falling into the open elevator, which was unguarded, was injured. The court says: "There can be no doubt that the plaintiff was lawfully on defendant's premises for the purpose of business with one of the tenants of the defendant, and, as such, had the right to have the premises reasonably safe." The following cases are cited in support of the text: Gordon v. Cummings, 152 Mass. 513, 25 N. E. 978, 9 L. R. A. 640, 23 Am. St. Rep. 846; Marwedel v. Cook, 154 Mass. 235, 28 N. E. 140; Drennan v. Grady, 167 Mass. 415, 45 N. E. 741; Coupe v. Platt, 172 Mass. 458, 52 N. E. 526, 70 Am. St. Rep. 293; Plummer v. Dill, 156 Mass. 426, 31 N. E. 128, 32 Am. St. Rep. 463; Sears v. Merrick, 175 Mass. 25, 55 N. E. 476.

We think this doctrine is applicable to the facts of this case as stated in the petition.

On general demurrer every reasonable intendment will be indulged in favor of the pleading excepted to. If by evidence legally admissible under the allegations of the petition plaintiff could show a right of recovery, the petition is good as against a general demurrer. It does not appear from the allegations of the petition that the defective crane was necessarily so situated with reference to the store or commissary in which the deceased boy was employed as to make it reasonably necessary or proper that he should in the usual prosecution of his business as such employé have made use of that part of the grounds where he was at the time he sustained his injury, but he would have been allowed to show this by proper evidence under the allegations of his petition. This is a matter to be brought out by the evidence.

We think the learned trial judge confounded this case with the ordinary case of persons on the premises of another in pursuit of their own pleasure or convenience unconnected with any business with the owner of the premises, and overlooked the distinction here attempted to be pointed out, and which we think is well recognized by the authorities, between such a case and the one stated in the petition. Counsel for appellee in their very able and exhaustive brief have, we think, made the same mistake.

We think the court erred in sustaining the general demurrer. The judgment is reversed and the cause remanded.

Reversed and remanded.