WM. CAMERON & CO., Inc., v. POLK.
(No. 5490.)

(Court of Civil Appeals of Texas. San Antonio. May 26, 1915. On Motion for Rehearing, June 28, 1915.)

1. NELIGENCE ☞32—DANGEROUS PREMISES—LIABILITY TO LICENSEE.
A licensee on the premises of another must accept them as he finds them, with the attending dangers, and the owner need only use ordinary care not to cause willful injury.
[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 42–44; Dec. Dig. ☞32.]

2. NEGLIGENCE ☞32—DANGEROUS PREMISES—LIABILITY TO LICENSEE.
A licensee left a path running across a lumber yard of a lumber company because it was obstructed by cross-ties, and, while passing a few feet from a lumber pile, was injured by a fall of the pile. The path had been used for a long time by the public. The obstruction had existed for several days, but the company had not made it. The company did not negligently pile the lumber after knowing of the obstruction of the path. Held, that the company, which had done nothing which could be construed as an invitation to the licensee and the public to use the ground near the pile, was not liable for the accident.
[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 42–44; Dec. Dig. ☞32.]

On Motion for Rehearing.

3. PLEADING ☞114—DENIAL—SUFFICIENCY.
Where an allegation in a pleading is once denied, it is not necessary that it should be denied again because the allegation is repeated in another part of the pleading.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 238; Dec. Dig. ☞114.]

4. NEGLIGENCE ☞136—DANGEROUS PREMISES—LIABILITY.
Where, in an action for injuries to a child by a pile of lumber falling on her, neither the pleadings nor the proof showed to whom the land belonged, where a safe path ran, and where the child was when injured, the court cannot state the status of the child as a licensee, as matter of law, so as to hold that the owner of the lumber was not liable.
[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. ☞136.]

Appeal from District Court, Trinity County; S. W. Dean, Judge.

Action by Sybol Polk, a minor, by Mary Polk, as next friend, against Wm. Cameron & Co. From a judgment for plaintiff, defendant appeals. Reversed and remanded for trial.

Nelms & Platt, of Groveton, and Sleeper, Boynton & Kendall, of Waco, for appellant. Morris & Sims, of Palestine, W. S. Poston and R. E. Minton, both of Groveton, for appellee.

CARL, J. Appellee, Sybol Polk, a minor, by Mary Polk, as next friend, sued Wm. Cameron & Co., Incorporated, for $40,000 damages on account of personal injuries sustained by the falling of a pile of lumber on her, which broke her leg, and otherwise injured her. The jury, in response to special issues, awarded her $20,000, and, from judgment entered thereon, this appeal is prosecuted.

Appellant operated a sawmill at Saron, on the Missouri, Kansas & Texas Railway, and had lumber stacked there preparatory to shipment. There are dolly ways or platforms from which lumber is loaded onto cars. On one of these dolly ways there was a stack of lumber about five feet high, and the dolly way was itself elevated about five feet, making about ten feet from the ground to the top of the lumber. The commissary was near the railroad, and the mother of appellee, Mrs. Mary Polk, ran a boarding house across the lumber yard from the commissary. A road ran around the yard, but there was a path which ran directly across the lumber yard from the post office and commissary to the boarding house of Mrs. Polk. This path ran about 14 feet northwest from the dolly way where the lumber was piled, which fell and caused the injury. For some time prior to the accident, the path had been obstructed by some cross-ties which had been piled there by the railroad company, and, in order to pass, people would have to go around these ties. If they went on the side next the dolly way, they would pass within four or five feet of the lumber piled on such dolly way. Some witnesses say this pathway had been used by the people there for as long as five or six years.

Appellee's witness, Sam Scarborough, says that the little girl ran to meet him, and he gave her some candy. She then started to pass around the cross-ties, going towards her home, when the pile of lumber fell on her and injured her. One leg was broken, and it healed in such way that it was about one inch shorter than its normal length, and her ear was torn. The ear healed so that it left only a scar that would require careful notice to detect, but the leg was about one-eighth of an inch larger than its normal size. The injury to the leg was permanent, and such

defect as existed in regard to the ear was also permanent.

The acts of negligence pleaded were because the lumber company permitted the obstruction to remain in the path after they knew the ties were there or by the exercise of ordinary care could have known it, because the lumber was negligently piled without being tied together and braced, and because a post under the corner of the dolly way was sunken into the ground where it had been washed out by rains, and was rotten, thus permitting that corner to give down and become lower.

In urging that the general demurrer should have been sustained, appellant insists that the petition fails to show the breach of any duty it owed the appellee, and there is a special exception to the same effect.

Appellant, after denying the allegations of the petition, except as to the amount of damages, which was not denied in the answer, pleaded that plaintiff was not exercising ordinary care when injured, and was not walking along the footpath, and that defendant was not guilty of any negligence which was the proximate cause of the injury; that she had been warned of the danger of going upon defendant's premises and platforms or near them, and told to stay away; that plaintiff was a trespasser; that the lumber was caused to fall by a boy by the name of Frank Smith, who was playing upon the lumber immediately before it fell; that all of the children who were playing there, including the plaintiff, were trespassers; and that, if the plaintiff had remained in the footpath, she would not have been injured.

That the path had been used for a long time by the people in crossing from the boarding house to the post office and commissary may be taken as well established, not long enough, however, for those so using it to acquire a prescriptive right to such use; and it is also established that same was obstructed by some cross-ties, which, however, the lumber company did not place there. The company did know the ties were there for several days before the accident. For the purposes of this opinion, we shall treat appellee as being a licensee, and not a trespasser, as to the use of the path, because the company had long known that people, including appellee, used the same as a near way from the post office to ·the boarding house, which appear to be the commercial centers of that sawmill village. And, under the finding of the jury, the company knew that people had been going out of the path and around the cross-ties next to the piles of lumber on the dolly way for several days prior to the accident.

This brings us to the consideration of the controlling features of the case as to whether, under the facts, there is any liability shown on part of the lumber company.

[1] It has been held by numerous authorities in this state, and others as well, that a licensee must accept the premises as he finds them; but the owner must not, by his own carelessness or negligence, willfully do that which will result in injury to such licensee while using the premises. And in this connection we may say that no business of the child took her there. She was there simply of her own volition and for her amusement.

A number of courts draw a distinction between what they are pleased to call active and passive negligence. This, however, impresses us as the discussion of an academic question, and is a distinction without a difference, when practically applied. Kirby Lumber Co. v. Gresham, 151 S. W. 847; O'Brien v. Union Freight Co., 209 Mass. 449, 95 N. E. 861, 36 L. R. A. (N. S.) 492.

[2] The evidence wholly fails to show that the lumber company negligently piled the lumber there after it knew that the licensee was going near the dolly way, after the path had been obstructed by the pile of cross-ties. And, unless they did so pile it there after such known use, there would be no liability whatsoever, because, being under the burden of accepting the premises as she found them, appellee could not complain if that condition was not a safe one and resulted in her injuries. The owner was only under the duty of using ordinary care not to cause willful injury to her, but was under no duty to guard her against the consequences of negligence done before she began using this passageway. For, as we have seen, as a licensee, she accepts the premises as she finds them, together with the attending dangers. Southwestern Portland Cement Co. v. Bustillos (Civ. App.) 169 S. W. 638; Indian Refining Co. v. Mobley, 134 Ky. 822, 121 S. W. 657, 24 L. R. A. (N. S.) 497; Mack v. Houston, E. & W. T. Ry. Co. (Civ. App.) 134 S. W. 846; Bowler v. Pac. Mills, 200 Mass. 366, 86 N. E. 767, 21 L. R. A. (N. S.) 978, 128 Am. St. Rep. 432; Fitzpatrick v. Cumberland Glass Mfg. Co., 61 N. J. Law, 378, 39 Atl. 675; Galveston Oil Co. v. Morton, 70 Tex. 400, 7 S. W. 756, 8 Am. St. Rep. 611; Annie Habina v. Twin City General Electric Co., 150 Mich. 41, 113 N. W. 586, 13 L. R. A. 1126; C., R. I. & P. Ry. Co. v. Payne, 103 Ark. 226, 146 S. W. 487, 39 L. R. A. (N. S.) 217.

Appellant in this case had done nothing which could be construed as an invitation to appellee and the public to go around that pile of ties and use the ground near the dolly way for a pathway, and could not have been liable simply because ordinary care had not been used in stacking the lumber. It could have closed the footpath at any time, because no prescriptive right to its use had been shown.

The Supreme Court of this state has held that, in case of a licensee or trespasser, liability for injuries to them only arises in case of willful acts of negligence on the part of the owner of the premises, or such reckless disregard of the safety of such licensee as

would be construed as a willful intent to injure.

In the case of Dobbins v. M., K. & T. Ry. Co., 91 Tex. 60, 41 S. W. 62, 38 L. R. A. 573, 66 Am. St. Rep. 856, the railway had left a deep cut on its right of way which became filled with water so as to form a deep pool in a few feet of a footbridge which people passed over in going to its depot and within a short distance of the section house where Dobbins lived. His little child, three years old, slipped away and was drowned in this pool. Judge Denman, speaking for the Supreme Court, said:

"The common law imposes no duty upon the owner to use care to keep his property in such condition that persons going thereon without his invitation may not be injured. In considering the question as to whether a duty exists, there is no distinction between a case where an infant is injured and one where the injury is to an adult, though, where the duty is imposed, the law may exact more vigilance in its discharge as to the former. If there be no duty, the question of negligence is not reached, for negligence can in law only be predicated upon a failure to use the degree of care required of one by law in the discharge of a duty imposed thereby. Since the common law imposes no duty on the railroad to use care to keep its right of way in such condition that persons going thereon without its invitation may not be injured, and since there is no evidence in the record from which the jury could have found such an invitation to the child, it was no more liable in law for its death than would have been a neighbor had it wandered into his uninclosed lands and been drowned in his tank or creek or been killed by falling down his precipice."

In Walker's Adm'r v. Potomac, F. & P. R. R. Co., 105 Va. 228, 53 S. E. 113, 4 L. R. A. (N. S.) 83, 115 Am. St. Rep. 871, 8 Ann. Cas. 862, it is said:

"The general rule is that a landowner does not owe to a trespasser (and the same is true of a bare licensee) the duty of having his land in a safe condition for a trespasser to enter upon. The latter has ordinarily no remedy for harm happening to him from the nature of the property upon which he intrudes, and he takes upon himself the risks of the condition of the land, and to recover for an injury happening to him he must show that it was wantonly inflicted, or that the owner or occupant, being present, could have prevented the injury by the exercise of ordinary care after discovering the danger."

See Crawleigh v. G., H. & S. A. Ry. Co., 28 Tex. Civ. App. 262, 67 S. W. 140; Railway v. Morgan, 92 Tex. 98, 46 S. W. 28; Railway v. Grubbs, 28 Tex. Civ. App. 372, 67 S. W. 519.

In Simonton v. Power Co., 28 Tex. Civ. App. 374, 67 S. W. 530, Judge Pleasants holds that, where the owner makes use of his property as others ordinarily do throughout the country, an invitation to a child to go thereon will not be implied, although the property be calculated to and does attract the child. And in treating the same subject, it is said in the Walker Case, supra:

"No landowner supposes for a moment that by growing fruit trees near the highway, or where boys are accustomed to play, however much they may be tempted to climb the trees and take his fruit, he is extending to them an invitation to do so, or that they would be any the less trespassers if they did go into his orchard because of the temptation. No one believes that a landowner, as a matter of fact, whether a railroad company or a private individual, who makes changes on his own land in the course of a beneficial user, which changes are reasonable and lawful, but which are attractive to children and may expose them to danger if they should yield to the attraction, is by that act alone inviting them upon his premises."

The lumber company was no more responsible for the child's presence in the lumber pile than was its mother, and the mere fact that it saw fit to go near the lumber to avoid going the road, if, indeed, it did not in fact go there to play, did not place any additional burdens on the lumber company.

Since the facts were fully developed, and under those facts the plaintiff was not entitled to recover, the judgment of the lower court will be reversed, and judgment here rendered that the plaintiff take nothing by reason of this suit.

Reversed and rendered.

### On Motion for Rehearing.

The record in this case is silent as to who owns and controls the land across which the path runs, and we were led into the statement that it ran across the appellant's yard by the fact that it appeared to have been briefed upon that theory. The plaintiff's petition does not state that the path is on appellant's land; neither does it allege that it is not upon it. And it is likewise true that it does not appear either from the pleadings or proof whether the place where the child was hurt was upon land under appellant's control.

[3] In paragraphs 8, 10, and 11 of defendant's first amended answer it is alleged under oath that Sybol Polk was a trespasser upon the defendant's premises at the time she was hurt. The first supplemental petition denies the allegations in paragraphs 8 and 10, but does not deny the charge that she was a trespasser, as set forth in paragraph 11. This, however, is unnecessary, for we have held that, when an allegation is once denied, it is not essential that the same should be denied again, no matter how many times the pleader sees proper again to allege the same fact. When once denied, it would add nothing to it to deny the same allegation again and would serve no useful purpose. G., H. & S. A. Ry. Co. v. Pennington, 166 S. W. 464.

[4] Therefore, since the pleadings do not show to whom the land belongs, where the path runs, and where the appellee was injured, we could neither hold that she was a licensee or a trespasser. Neither does the proof show what the status of the property is where the injury occurred.

The first essential element of actionable negligence is the violation of a duty. If there is no duty, there is no negligence. The plaintiff must state and prove facts sufficient to show what the duty is, and that the defendant owes that duty to the plaintiff.

Shearman & Redfield on the Law of Neg. vol. 1, p. 14, § 8 (6th Ed.). The same author again says:

"As a matter of course, there can be no negligence where there is no breach of duty. It must appear, therefore, not only that the defendant owed a duty, but also that it did not perform it." Shearman & Redfield, vol. 1, p. 30, § 15.

Since the pleadings and proof are in such condition that we cannot tell who owned the property where appellee was injured, we have concluded that we were in error in reversing and rendering judgment, and that instead the judgment should be reversed, and the cause remanded for trial; and it is so ordered.