**STREET REALTY CO. v. FORRISTER et al.**
**(No. 8270.)**

Court of Civil Appeals of Texas. San Antonio.
Nov. 13, 1929.

Rehearing Granted Dec. 11, 1929.

Terrell, Davis, McMillan & Hall, of San Antonio, for appellant.

W. C. Linden, of San Antonio, for appellees.

SMITH, J. C. C. Forrister and his son, Otis B. Forrister, recovered judgment against Street Realty Company, a corporation, for personal injuries sustained by the son, and medical expenses incurred by the father on behalf of the son. The Realty Company has appealed.

Appellee Otis Forrister, aged 18 years at the time of the accident, on January 31, 1922, received the injuries when he fell into an excavation on a vacant lot owned by appellant. The lot constitutes the corner of South Presa and Dullnig streets, in the city of San Antonio, at the apex of a sharp triangle formed by the convergence of the two streets. The vacant lot extended down Dullnig street 192 feet, where it joined a 50-foot vacant lot owned by a third party, which in turn joined another 50-foot lot, at the rear of which was a rent house, occupied by appellee's uncle, one Clendennen. Appellee was visiting at this home of his uncle on the occasion of the accident, which occurred on a dark, rainy night.

At the time in question, appellant was having a store building constructed on its vacant lot, and as a part of the improvement an excavation was being made at the rear of the building for a cesspool. The improvements were in process at the time, and the premises were littered with the usual timbers, tools, supplies, and materials incident to such undertakings. The vacant lots between the Clendennen home and Presa street were partially covered by weeds and other impediments which usually mar such places, and two or three pathways had been worn, more or less definitely, by persons in the neighborhood using this short cut between Presa and Dullnig streets. One of these paths ran along by the rear of the building under construction, and within three or four feet thereof. No lights or other night signals were placed on the premises to indicate the dangers of the situation. And while appellee was not on the premises upon any invitation or express acquiescence, or even knowledge, of appellant, it will be presumed that appellant had knowledge of the custom among inhabitants of the neighborhood of using the paths across those premises for their personal convenience.

A café was located on Presa street, across the vacant lots from the Clendennen home, where appellee was visiting his relatives. Appellee had occasion to go on a personal errand to this café on the night in question, while at the Clendennens. He had the choice of going the public way, up Dullnig street to the corner, and thence down Presa to the café, or across the vacant lots, which was the shorter way. He chose the latter. He was accompanied by a cousin, young Clendennen, near his own age. When the errand at the café was finished, the two started back through the misty darkness across the vacant lots. On the way they got to playing, "chasing" each other. By this process, apparently, appellee got about 15 feet ahead of his companion, and stepped off into the cess-

pool excavation. In this fall he received the injuries in question.

Appellee did not know of this particular excavation, which, according to presumptions to be indulged in support of the judgment, extended across the pathway he was following. But he was familiar with the general situation, being a frequent visitor at his uncle's home. He knew of the improvements being made; of the building in process of construction, and of its location within three or four feet of the path; of the timbers and materials scattered about on the lot and around the structure. He observed these timbers along the path as he approached the excavation, testifying that he could distinguish them in the darkness, but that he did not see the excavation, or know it was there, until he stepped off into it.

■ We are of the opinion that the facts stated made appellee a licensee, at the most, upon the premises, which he therefore took as he found them. He did not go upon the premises upon any invitation, express or implied, of the owner, nor upon any business of the owner, nor for its benefit; he was there solely for his own pleasure and benefit, and for his own convenience, exclusively. He knew the premises were the private property of others, that they were being improved by a building then in course of construction, which was within itself notice to the public that the owner had withdrawn any implied consent or acquiescence in the use of the premises as a passageway by others, and that the owner thereby asserted and was actually exercising his right to exclusive use, at least of that part of the premises embraced within the zone of improvement. The building itself extended to within a very few feet of the path appellee elected to use, the excavation incident to the improvement extended to and perhaps encroached upon the pathway, and the timbers, supplies, and débris normally incident to such an improvement extended to and beyond the path. Appellee testified that he had not been in the neighborhood for several days prior to the accident, but knew of the improvement being made on the premises; that he did not know of the excavation, but that as he proceeded along the path and approached the building and excavation he observed the timbers which lay about, but not within, the pathway. These facts exclude any theory upon which appellee could be regarded as an invitee, and if they do not have the effect of placing him in the position of a mere trespasser, they certainly restrict his rights to those of a licensee, who was required to take the premises as he found them, together with the attending dangers, and to whom appellant owed no other duty than to use ordinary care not to willfully injure him. The facts negative any failure on the part of appellant to use such care, and appellee was not entitled to recover. Dobbins v. Missouri, K. & T. Ry. Co., 91 Tex. 60, 41 S. W. 62, 38 L. R. A. 573, 66 Am. St. Rep. 856; Galveston Oil Co. v. Morton, 70 Tex. 400, 7 S. W. 756, 8 Am. St. Rep. 611; Cameron & Co. v. Polk (Tex. Civ. App.) 177 S. W. 1178; Kruse v. Ry. (Tex. Civ. App.) 253 S. W. 623; Bleich & Co. v. Emmett (Tex. Civ. App.) 295 S. W. 223; Wimberly v. Production Co. (Tex. Civ. App.) 274 S. W. 986.

■ It should be added that it is apparent from the record that the improvements in question were being done, and that the excavation was made and maintained, by an independent contractor, who in such case would be liable for injuries negligently occasioned by reason of the improvements.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

Upon further consideration, we conclude that as the facts were fully developed in the trial below and clearly show that appellant was entitled to judgment, the judgment in favor of appellees should not only be reversed, as was done in the original disposition, but should be here rendered that appellees take nothing by their suit against appellant, and pay all costs of the litigation.

Appellant's motion for rehearing will be granted, and judgment will be entered as indicated above.