Thomas & McDonald, of Big Spring, for appellants.

Mays & Perkins, of Sweetwater, and R. S. Shapard, of Dallas, for appellee.

HICKMAN, Chief Justice.

In the court below a general demurrer was sustained to plaintiffs' petition, and upon their declining to amend, the case was dismissed. The only question presented is whether the petition stated a cause of action, and it, therefore, becomes necessary to state the substance of the allegations. The parties will be referred to as in the trial court.

### MENDOZA et al. v. TEXAS & P. RY. CO.
### No. 1223.

Court of Civil Appeals of Texas. Eastland.

March 23, 1934.

The suit was by Jesus Mendoza, a minor nine years of age, through his mother, Mrs. Georgia Mendoza as next friend, and also by Mrs. Georgia Mendoza in her own behalf. The defendant is Texas & Pacific Railway Company, who owns, operates, and maintains shops and yards in the northwest portion of the city of Big Spring, covering approximately ten acres of land. It was alleged that defendant dug a ditch to serve as a drainage for water, oil, and other liquid waste material that accumulates in the operation of its shops. Across this ditch at various points the defendant placed boards for the use of its employees and other persons crossing the yards in going from one side of the ditch to the other. For a long period of time prior to the accident giving rise to this suit, the inhabitants of the northwest portion of Big Spring, with the knowledge, consent, and permission of the defendant, had used a well-defined pathway leading through the center portion of the yards and across the tracks. In following this pathway it led to the ditch where a board two inches thick, ten inches wide, and about sixteen or twenty feet long spanned same, and was used as a bridge for pedestrians to pass over.

With reference to the custom of the de-

fendant to furnish water to certain inhabitants of Big Spring, the petition contains these allegations: "In this connection plaintiffs further charge that at the time of the accident in question and for a long time prior thereto the defendant had maintained, operated and constructed a water tank located upon its premises from which tank extended a hose and that the same were so located as to permit a person standing upon the ground to secure water from the water tank of the defendant, and that the inhabitants living in the northwest part of the town of Big Spring had for a long time prior to the accident come across the said premises of the defendant to the water tank and secured water from the tank in question by the use of said hose, and in doing so had established a well-defined path leading down from the hills upon which they lived, across a wide area belonging to the defendant and known as the shop grounds proper to where the said tank was located, for the purpose of securing water. · That the said water tank was being used by the inhabitants· of that portion of the town for the purpose of securing water, with the knowledge, consent, and express and implied invitation of the defendant corporation, and plaintiffs further charge that it was the general policy of the defendant to furnish water free to the inhabitants of that portion of the town of Big Spring, that could not secure water otherwise and that in doing so extended a general invitation to all persons in that neighborhood and particularly in the portion of the town in which your plaintiffs lived, to come in and upon their premises for the purpose of securing water free of charge, and that in doing so there has been developed a pathway leading down from where these plaintiffs live to the water tank of the defendant; that the ditch in question as hereinabove alleged, and the plank from which the minor fell, is located a .very short distance from where the water tank in question is located, and that the defendant knew, or should have known with the exercise of ordinary care, that persons invited in and upon their premises for the purpose of securing water would come across the short intervening space between· the water tank and the ditch in question and enter in and upon the board spanning the ditch in coming from where they live to the town of Big Spring, and having invited the minor plaintiff in and upon their premises by the use of said path leading down from where he lived to the water tank in question negligently allowed the said board spanning the ditch in question to remain in such a position that in crossing same he would fall into the water

contained in the ditch below, and that but for such position the injuries in question would not have happened."

It is next alleged that, on the morning of August 21, 1932, the minor plaintiff, together with his brother and another small Mexican boy, left their home in the northwest portion of the town of Big Spring and, following the usual and customary path established across the premises of the defendant, and coming toward the town of Big Spring, attempted to cross the plank spanning the ditch, and, in doing so, the minor plaintiff fell off the board into the ditch, which was filled with scalding water and chemicals being drained from the boilers of the various engines of the defendant. As the result of his fall, his body was burned and seared, and he was seriously injured. It was alleged that the ditch constituted a nuisance "in that the defendant knew, or should have known, that in permitting the pedestrians to walk across its premises and across the said narrow span across the ditch in question that someone would fall into the scalding water and be injured thereby."

It is next alleged that the premises, whereon are located a large number of discarded engines, are attractive to children, and that, in going from the northwest portion of Big Spring to the center portion thereof, children would naturally come through said premises in order to watch and look at the engines and machinery. It is next alleged that there was no guard of any kind protecting pedestrians as they crossed the narrow board spanning the ditch. That the defendant was charged with notice that children would be passing along the well-defined path, and that they "would be attracted by the engines located upon the yards and by the small bridge spanning the ditch wherein was flowing said hot water." Defendant was also charged with notice that children were apt to come upon its property in following the well-defined path "and that the safety of humanity, and especially of children, demanded that a reasonable protection be placed about such property for their use and benefit which could have been a permanent large bridge across and spanning the ditch so that it would not be necessary for persons following said pathway to be forced to walk upon the narrow board provided by the said defendant. That such a bridge of adequate means could and would have been a protection to the life and safety of this child as he proceeded to cross said premises and in following the path that had long been used, and being a child of tender years could not realize the dangers in con-

nection with walking across the same, and in walking across such a narrow board spanning the ditch, it naturally swayed and would swing inward as the weight was placed upon it and naturally as a result thereof the child fell into the boiling, scalding water as aforesaid."

As an alternative pleading, it was alleged that, should it be held that the minor plaintiff was a trespasser upon the premises of the defendant, then defendant was nevertheless liable for the injuries, in that it was wantonly and willfully negligent in maintaining, operating, and using the ditch in question so as to willfully injure any person who might fall into it.

Follow the specific acts of negligence charged to the defendant in this language: "(1) In allowing persons to establish a permanent pathway across its premises and property without providing an adequate bridge oi other means of crossing from one side of the ditch to the other spanning the boiling hot water running into the same from its Railroad Shop; (2) In using and allowing to be used a board spanning said ditch; when same was only 10 inches wide, and some 16 or 20 feet long, the same being wholly dangerous for persons to walk upon and across said ditch; (3) In allowing and permitting hot, scalding, boiling water to flow into the ditch immediately above the crossing in question; (4) In using chemicals in connection with hot, scalding water in cleaning of engines in operation of its shop and allowing the same to run into the ditch without any attempt to remove the acid or cool the water before allowing same to run into the ditch."

For the purpose of this opinion the allegations with reference to the damages suffered are not important, and will not be noticed.

Does the petition state a cause of action against the defendant? We are convinced that it does not. The allegations with regard to the generous invitation extended by the defendant to certain inhabitants of Big Spring to come to its water tank and procure water free of charge are not sufficient to give the minor plaintiff the status of an invitee on the occasion of his injury, because he was not on the premises on this occasion for the purpose of procuring water, but was passing through the yards in going from one portion of the city to another. The theory of invitation growing out of those allegations will not, therefore, be further considered.

That portion of the petition which alleges that the discarded engines and machinery, together with the ditch, were attractive to small children, adds nothing to the pleading, for it is not alleged that the minor plaintiff was upon the premises upon the occasion of his injuries because of any attraction or allurement. The allegation is that he was crossing the yards in going from one part of the town to the other. We, therefore, do not have for determination the question of whether the doctrine of the turntable cases would be applicable, had the minor plaintiff gone upon the premises to look at the engines.

■■ Indulging every reasonable intendment in favor of the sufficiency of the petition, we think a fair construction thereof is that the minor plaintiff was a licensee on the property of the defendant at the time of his injury. A person, whether adult or child, who goes upon private premises of another for his own pleasure, convenience, or benefit, and not on any business in which there is a mutuality of interest between him and the owner or occupant, and who is not allured thereon by some attraction amounting to an invitation, is not an invitee, but a trespasser or licensee. The allegations of this petition are sufficient to constitute this child a licensee. As to a person occupying that status, the law is well settled that he takes the premises as he finds them, and the owner owes him no duty to maintain same in a reasonably safe condition. No fact is alleged of any active negligence on the part of the defendant after the child came upon the premises. On the contrary, all the acts of negligence are with reference to the unsafe condition of the premises maintained by the defendant. There is not even an allegation that the presence of the child was known to defendant or its employees. Narrowed down, plaintiffs' entire theory of liability is disclosed in its first specific ground of negligence above quoted. That ground, in substance, consists of defendant's alleged negligence in permitting persons to cross its premises without providing an adequate bridge spanning the ditch. A doctrine that would place the duty upon the owner of premises to provide any particular kind of bridge for a licensee would, as is aptly said in San Antonio & A. P. R. Co. v. Montgomery, 31 Tex. Civ. App. 491, 72 S. W. 616, 617, " * * * impose a heavy penalty on good nature." No special significance is attached to the allegations that defendant was negligent in permitting waste water to run through the ditch. Those allegations, like the ones relating to the bridge, pertained to the condition of the premises. This ditch could not reasonably be placed in the same category with a pitfall or a man trap. The

rule of liability of the owner of private premises to a licensee is well established by many authorities in this state, of which it will suffice to cite the following: Galveston, H. & S. A. R. Co. v. Matzdorf, 102 Tex. 42, 112 S. W. 1036, 20 L. R. A. (N. S.) 833, 132 Am. St. Rep. 849; Kruse v. Houston & T. C. R. Co. (Tex. Civ. App.) 253 S. W. 623; Kirby Lumber Co. v. Gresham (Tex. Civ. App.) 151 S. W. 847; Denison Light & Power Co. v. Patton, 105 Tex. 621, 154 S. W. 540, 45 L. R. A. (N. S.) 303; Wimberly v. Gulf Prod. Co. (Tex. Civ. App.) 274 S. W. 986; Street Realty Co. v. Forrister (Tex. Civ. App.) 22 S.W.(2d) 746.

It is our opinion that the trial court did not err· in sustaining the general demurrer, and its judgment will accordingly be affirmed.