LYDE S. MCCRACKEN, ADMINISTRATOR, APPELLEE, V. FREDERICK A. DELANO ET AL., RECEIVERS, APPELLANTS.

FILED APRIL 29, 1916.   No. 18856.

1. **Railroads: DEATH OF EMPLOYEE: LIABILITY: NEGLIGENCE.** Where a railroad company's rules, of which a section-foreman has notice, require him on approaching a sharp curve through a deep cut on a handcar to send a man ahead to look for a train, the mere failure of trainmen to give warning of their approach, before the presence of section-men on the track is discoverable, is not negligence, in the absence of a statute or a rule requiring them to do so, since the trainmen may assume, until the contrary appears, that section-men will obey reasonable, known rules promulgated for the safety of themselves and others.

2. **Negligence: RAILROADS: FAILURE TO BLOW WHISTLE.** Failure of a train crew to blow the whistle on approaching a railroad bridge at an undergrade roadway is not negligence, as a matter of law, in absence of a statute or a rule imposing such a duty.

APPEAL from the district court for Douglas county: JAMES P. ENGLISH, JUDGE. *Reversed.*

*John L. Webster* and *James L. Minnis,* for appellants.

*Earl R. Ferguson, C. R. Barnes* and *Harry W. Shackleford, contra.*

ROSE, J.

This is an action in the district court for Douglas county against the receivers of the Wabash Railroad Company to

recover damages in the sum of $16,000 for causing the death of David W. Gilbert. From a judgment in plaintiff's favor for $5,250, defendants have appealed.

For the purposes of the appeal some of the pleadings, facts, contentions and proofs may be summarized as follows: Gilbert was a section-foreman in the employ of defendants. August 8, 1913, after a day's work, he and his section-crew started home on a handcar, going northward down grade toward Imogene, Iowa. A south-bound freight train consisting of a locomotive and 24 cars, on its way from Council Bluffs, Iowa, to Stanbury, Missouri, struck the handcar about a mile south of Imogene, and Gilbert was fatally injured. According to plaintiff's brief the following elements of negligence were charged: "Failure to give reasonable and proper warning of the approach of the train; failure to exercise reasonable care to discover the deceased in his situation of peril; and failure to use reasonable diligence and effort in slowing down or stopping the train after the presence of the handcar on the track was, or should have been, discovered." The collision occurred at the north end of a bridge about a mile south of Imogene. Immediately north of the bridge there is a sharp curve with the convex on the west, where the track runs through a cut having a high bank on the east. At the north end of the bridge the section-crew attempted to remove the handcar from the track. While one wheel was between the rails they all jumped except the foreman. The handcar was struck while Gilbert was still trying to remove it. There is testimony tending to show that a man on the bridge could have seen the approaching train 500 feet away, and that the fireman could have seen a man on the bridge at the same distance. The train was running up grade 18 miles an hour, and was 1 hour and 30 minutes late. The trainmen testified that the whistle was blown at Imogene, and that the automatic bell was kept ringing until the steam was shut off in the attempt to stop the train. A witness for plaintiff said that he was standing 125 feet east of the bridge, where he saw the collision, that

he heard no warning, and that the train did not slacken its speed until after it struck the handcar. On defendants' behalf there was testimony that the fireman, who occupied the east side of the cab, could not see a handcar on the bridge when more than 350 feet away; that he did see it at a distance of 300 or 350 feet; that he promptly warned the engineer; that the latter immediately shut off the steam and set the brakes; that the locomotive was stopped about 275 feet beyond the point of impact; that a rule of the company required section-foremen in approaching a curve or a cut on a handcar, when in danger of meeting a train, to keep a lookout and to send a man ahead, and that Gilbert knew of this rule.

One of the questions submitted to the jury was the alleged negligence on the part of the trainmen in failing to give warning as they approached the bridge through the cut. On this subject the trial court instructed:

"If you find that in approaching the said town of Imogene and in passing through the same the defendants' employees in charge of said locomotive did in fact sound such signals or alarms, but further find that the location of the bridge over which the deceased passed just prior to the accident and the curve around which the said train proceeded before reaching the said bridge were such as to require that, in the exercise of reasonable care, the employees of the defendants in charge of the said locomotive should have given signals other than or different from or in addition to the ones in fact given, or that signals should have been given at a point closer than the town of Imogene, and further find that the defendants' employees in charge of the said locomotive failed to give such signals as were required in the exercise of reasonable care upon their approach to said curve, or bridge, such failure to so give such signals would constitute negligence for which the defendants are liable."

This instruction is challenged as erroneous. Defendants argue that it was the duty of the foreman of the section-crew to keep a lookout and to send a man ahead to see

if a train was hidden from view in the curve behind the
bank.  In this connection it is further argued that negli-
gence of the train crew cannot be based on their failure
to give a warning, since they had a right to assume that
the section-foreman would not disobey a reasonable, known
rule.  These propositions urged by defendants do not rest
on contributory negligence.  Plaintiff pleaded and proved·
an Iowa statute providing that contributory negligence is
not a bar to a recovery for personal injuries.  An act of
congress contains a similar provision.  In this respect,
therefore, it is immaterial whether plaintiff relies on the
statute of Iowa or the act of congress.  In either situation
contributory negligence on the part of the decedent does
not bar a recovery by plaintiff.  The question is: Should
the jury have been permitted to find the trainmen guilty of
actionable negligence, if the latter failed to blow the
whistle or ring the bell while running through the cut
toward the bridge?  The duties of defendants in operating
trains should be considered in connection with the duties
imposed upon section-men.  If the rules of the railroad
company required Gilbert to keep a lookout and to send a
man ahead to guard against the danger of approaching the
curve on a handcar, defendants, in operating their trains,
had a right to assume that those duties would be per-
formed, there being nothing to indicate the contrary.  Sec-
tion-men are employed to keep the track in repair.  They
are under the direction of their superior.  *Prima facie*
their employer may rely upon them to perform their duties
according to proper rules and regulations duly called to
their attention.  The law applicable to the present inquiry
may be stated as follows:

Where a railroad company's rules, of which a section-
foreman has notice, require him on approaching a sharp
curve through a deep cut on a handcar to send a man ahead
to look for a train, the mere failure of trainmen to give
warning of their approach, before the presence of section-
men on the track is discoverable, is not negligence, in the
absence of a statute or a rule requiring them to do so, since

782          NEBRASKA REPORTS.          [VOL. 99

the trainmen may assume, until the contrary appears, that section-men will obey reasonable, known rules promulgated for the safety of themselves and others.

The instruction is at variance with the law, and in the form in which the issues were submitted to the jury under the evidence it is clear that the error was prejudicial to defendants.

It is contended by plaintiff that the train crew were guilty of negligence in failing to give warning of their approach, because there was a roadway under the bridge. There was no proof of a statute or a rule requiring them to do so. The common law imposed no such duty. *Houston & T. C. R. Co. v. Sgalinski*, 19 Tex. Civ. App. 107. The judgment, therefore, cannot be sustained on this ground.

For the reasons stated, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

HAMER, J., not sitting.